**In re Robert Lee TATUM, Debtor.**

**Bankruptcy No. 2–79–02980.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Dec. 10, 1979.

Samuel L. Calig, Columbus, Ohio, for debtor.

Frank M. Pees, Trustee, Worthington, Ohio.

## ORDER DENYING CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court with respect to the requested confirmation of the Chapter 13 plan proposed by Robert Lee Tatum. The terms of the plan, as amended, are the payment of $58.00 bi-weekly from the debtor's future wages, the payment of all allowed claims in full, and the payment of three partially secured creditors, Beneficial Finance Company, Columbus Municipal Employees Credit Union, and Ohio Teachers Credit Union, outside the plan.

This Court has previously ruled upon the permissibility of the payment of partially secured creditors outside the terms of the proposed Chapter 13 plan where the plan is a composition plan. See, *In Re Blevins*, Bankruptcy No. 2–79–02979 (S.D.Ohio, December 7, 1979) (unreported—copy attached). The plan proposed by this debtor raises the same question with respect to extension plans.

Beneficial Finance Company has filed a claim in this proceeding in the amount of $272.86, claiming a security interest in all of the household furniture and furnishings of the debtor. The Columbus Municipal Employees Credit Union has filed a claim in this proceeding in the amount of $1276.33, claiming a security interest in a 1967 Dodge Van. The Columbus Ohio Teachers Federal Credit Union has filed a claim in this proceeding in the amount of $4,405.04, claiming

a security interest in a 1975 Oldsmobile. Pursuant to the provisions of § 506 of Title 11 U.S.C., the Court hereby values the collateral held by these three creditors at $200.00 for the collateral held by Beneficial Finance Company (the debtor's ex-wife now owns a majority of the household goods previously pledged), $500 for the Columbus Municipal Employees Credit Union, and $2200 for Ohio Teachers Credit Union. Based upon these valuations, each of the creditors to be paid outside the terms of the proposed Chapter 13 plan are partially secured creditors, holding a secured claim for the value of their collateral, and an unsecured claim for the balance.

The Court hereby finds that, to the extent the Chapter 13 plan of Robert Lee Tatum proposes to pay certain unsecured claims outside the ambit of the Chapter 13 plan, namely the unsecured portion of the claims of Beneficial Finance Company, the Columbus Municipal Employees Credit Union and the Ohio Teachers Credit Union, and proposes to pay remaining unsecured claims inside the plan, the plan purports to classify claims. Such classification, as found in *In Re Blevins,* supra, and 11 U.S.C. § 1322(a)(3) and (b)(1), is subject to a test of fairness. The spirit and letter of the provisions of Chapter 13 require that all similarly-situated creditors be given equal treatment. Even in the context of an extension plan, which calls for the full payment of all claims, the placement of unsecured claims in different classes requires court scrutiny on the fairness issue. No rational justification has been advanced by this debtor as to why certain unsecured claims should be outside the ambit of the Chapter 13 plan, and others should be inside. Indeed, it is somewhat difficult for this Court to understand why a debtor, properly advised by counsel, would wish to pay some claims outside his plan. The provisions of § 1328 of Chapter 13, relating to discharge, clearly indicate that debts not provided for by the plan are not discharged. This disparate treatment of unsecured claims (some outside, some inside), even in the extension plan context, is not permitted by the Bankruptcy Code.

Because the proposed Chapter 13 plan of Robert Lee Tatum fails to comply with at least one of the provisions of Chapter 13, it has failed one of the tests required for confirmation. See, § 1325(a)(1) of Title 11 of the United States Code and *In Re Blevins,* supra. The Court further notes that the debtor's plan, without a showing of cause required by § 1322(c) of Chapter 13, provides for payments over a period of longer than three years.

Based upon the above findings, the Court hereby determines that confirmation of the Chapter 13 plan proposed by Robert Lee Tatum should be, and the same is hereby, denied.

IT IS SO ORDERED.