**In re Donald R. (Ray) NICKELS, Judy E. (Elaine) Nickels, Debtors.**

**Bankruptcy No. 2–79–03121.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Jan. 8, 1980.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

## ORDER DENYING CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13 plan proposed by Donald and Judy Nickels. The plan, as amended, calls for the payment of $280.00 per month, the payment of all secured creditors provided for by the plan to the full value of their security, the payment of an unsecured creditor of these debtors, namely Beneficial Finance Company, 100% of its claim, and payment of no dividend to all other unsecured creditors. The first mortgage on the debtors' real estate is to be paid directly by the debtors outside the plan. The proposed length of this Chapter 13 plan is fifty-one (51) months.

This case is another in a series of decisions rendered by this Court in its attempt to interpret the provisions of Chapter 13 of the Bankruptcy Code. The interpretation process has been evolutionary in nature, giving due regard for the legislative intent behind the enactment of Chapter 13, but also giving effect to the explicit provision of the statute as finally passed by Congress. There is also the matter of dealing with the historical practices developed under the now-displaced Chapter XIII, and meshing that practice with the new Code provisions. Quite clearly, Congress intended by enacting both Chapter 7 and Chapter 13, to provide debtors a choice of different remedies in terms of solving their financial difficulties. The alternatives are not, in this Court's judgment, interchangeable. Each remedy has its own purpose and requirements. The debtors in this proceeding have chosen the remedy of Chapter 13 and the Court must examine the requirements of that remedy in passing upon confirmation.

The debtors have chosen to classify claims and provide for a differing treatment of an unsecured claimant, Beneficial Finance, on the one hand, and all other unsecured claimants on the other. This difference in treatment is alleged to be justified by the fact that Beneficial Finance Company has a co-signer on its obligation, namely Homer Nickels, the father of the debtor Donald R. Nickels. Confirmation of this plan must be denied for two reasons. First of all, no cause has been shown to this Court why the plan provides for payments

over a period that is longer than three years. Thus, a test for confirmation set forth in § 1322(c) of the Bankruptcy Code has not been met by these debtors. Second, the clear intent of Congress in allowing classification of claims in a Chapter 13 proceeding was to subject such classification to a test of "fairness". See 11 U.S.C. § 1322(a)(3) and (b)(1). The debtors in this case have merely presented the classifications to the Court calling for the payment of a co-signed unsecured debt, namely Beneficial Finance Co., in full, and the payment of no dividend whatsoever to all other unsecured claimants. Of course, during the pendency of this plan, the debtors propose to maintain and use their personal property, paying its valuation to secured claimants through the plan, and maintain payments on their first mortgage outside the terms of the proposed plan. The net result of this plan is, in effect, the same as a Chapter 7 bankruptcy proceeding, with Court sanctioned reaffirmations of secured debt to the value of the collateral and of the co-signed debt. The Court does not believe that this is a proper use of the provisions of Chapter 13 and the Court finds that the classification chosen by these debtors, in terms of the debts they are willing to pay in their plan, and those they wish not to pay, does meet a standard of "fairness" mandated by the Code. If the debtors wish to receive a discharge in bankruptcy, with selective reaffirmation of certain debt, they should choose the remedy provided for that purpose by Congress—Chapter 7 of the Bankruptcy Code.

Based upon the foregoing findings, the Court hereby determines that confirmation of the proposed Chapter 13 plan of these debtors should be, and the same is hereby, denied.

IT IS SO ORDERED.