**In re Archie A. (Avery) GODFREY, Jr., and Yvonne D. (Diane) Godfrey, Debtors.**

Bankruptcy No. 2–79–03087.

United States Bankruptcy Court, S. D. Ohio, E. D.

Jan. 21, 1980.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

## ORDER DENYING CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13 plan proposed by Archie and Yvonne Godfrey. The terms of the plan include the payment of $65.00 bi-weekly to the Chapter 13 trustee over a period of thirty-one (31) months, the payment of an arrearage of $960.00 on the second mortgage on the debtors' real estate to Avco Financial Services, the payment of secured claims in full to the extent of the value of the collateral, and the payment of no dividend to unsecured creditors. Apparently the first and second mortgages on the real estate owned by these debtors are to be paid outside the terms of the Chapter 13 plan.

At the hearing on confirmation held by this Court, it was determined that there were three rejecting secured claims filed in this proceeding. In response thereto, the debtors amended their Chapter 13 plan to provide for lien retention rights for each holder of a rejecting secured claim, thus purporting to bring the terms of the plan within the cram-down provisions of § 1325(a)(5)(B) of the Bankruptcy Code. The debtors seek to retain the use of, and pay the value of, their real estate (valued at approximately $20,000 and subject to mortgages in the approximate amount of $18,000), their motor vehicles (valued at $1,900 and subject to mortgages in excess of $9,000), and miscellaneous household items valued at approximately $2,300 and overburdened by liens, while at the same time paying no dividend to unsecured creditors. This Court has had a previous occasion to discuss the inability of Chapter 13 debtors to accomplish what is essentially a Chapter 7 purpose—the discharge of all obligations with selective reaffirmation of secured debts to the value of collateral—through the use of the Chapter 13 vehicle. *In re Nickels,* 4 B.R. 481 (S.D.Ohio 1980). The legislative history of Chapter 13 indicates that a composition plan was considered to be a partial bankruptcy. This Court finds that a Chapter 13 composition plan which

proposes no dividend to unsecured creditors is, in essence, a complete bankruptcy. Chapter 7 of the Bankruptcy Code should be the chosen remedy of these debtors if they do not have the objective of paying any dividend to their unsecured creditors.

Based upon the foregoing discussion and findings, the Court hereby determines that confirmation of this Chapter 13 plan must be, and the same is hereby, denied.

IT IS SO ORDERED.