**In re Gary and Jaquita SUTHERLAND, Debtors.**

**Bankruptcy No. FA 79 118 B.**

United States Bankruptcy Court,
W. D. Arkansas,
Fayetteville Division.

Feb. 29, 1980.

A. L. Tenney, Trustee, Little Rock, Ark.

Terry Jones, Fayetteville, Ark., for debtors.

William Greenhaw, Fayetteville, Ark., for objectors, Hillcrest Lumber & Supply Co., Inc. and City Lumber Co., Inc.

## ORDER OVERRULING OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF HILLCREST LUMBER COMPANY

CHARLES W. BAKER, Bankruptcy Judge.

The debtors' plan has four different classes of unsecured creditors, described by debtors, as follows:

Class 3 Medical Debts—persons or firms debtors must continue to receive services from,

Class 4 Unsecured bank notes from banks needed,

Class 5 Credit accounts desired to be kept for continuation of doing business, and

Class 6 All other creditors.

The debtors' plan provides for some payments to the unsecured creditors in classes 3, 4 and 5, but no payments for the unsecured creditors in Class 6. The objecting creditor, Hillcrest Lumber Company, is in Class 6.

Hillcrest objects on the following basis:

1) Unfair discrimination against Class 6 creditors, and

2) Failure to offer Class 6 creditors the liquidation value of their claims.

The question of the value of the claims of Class 6 in the event of liquidation shall be discussed first because its outcome is necessary to a meaningful discussion of the other objection.

Class 6 is composed of unsecured creditors. An unsecured claim must be paid ". . . not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 . . . ." 11 U.S.C. § 1325(a)(4). The debtors' verified petition shows that they have no property in excess of their allowable exemptions. No evidence to the contrary has been presented. In fact, oral statements of Hillcrest's attorney at the hearing amounted to an abandonment of this objection. If the debtors' estate were liquidated under Chapter 7, the unsecured creditors would receive nothing. Therefore, the second objection of Hillcrest is overruled.

The more meaningful objection, and the only one Hillcrest chose to brief, is that the plan unfairly discriminates against Class 6 creditors.

The Bankruptcy Code provides that ". . . the plan may designate a class or classes of unsecured claims . . . but may not discriminate unfairly against any class so designated." 11 U.S.C. § 1322(b)(1). "If the plan classifies claims, [it must] provide the same treatment for each claim within a particular class." 11 U.S.C. § 1322(a)(3).

The question then is does the debtors' plan discriminate *unfairly* against Class 6 unsecured creditors. There obviously is discrimination by virtue of the process of classification. This Court is aware of the decisions of two Bankruptcy Courts which have said that there must be some "rational" basis for the different classes that are designated.[1] The classes of this plan have an obviously "rational" basis.

The debtors want to pay their medical bills (Class 3) because they want to continue to receive medical care. Obviously, if they pay their old bills, it is more likely that they and their family will receive medical care from these creditors in

---

1. Rational Basis Language Used In:
*In re Fizer*, 1 B.R. 400 (Bkrtcy.1979)
*In re Blevins*, 1 B.R. 442 (Bkrtcy.1979)

*In re Tatum*, 1 B.R. 445 (Bkrtcy.1979)
*In re Curtis*, 2 B.R. 43, 5 B.C.D. 1214 (1979)

the future. It does not take a budding genius to see the rationale for this classification.

■ The debtors want to pay on the unsecured debts they have with banks (Class 4). Mr. Sutherland is in the construction business. The essential nature of bank credit to that kind of business is uncontradictable. The rationale for paying these claims, in the hope of securing continuing credit for Mr. Sutherland's business, is sound. The same reasoning and rationale justifies Class 5 which is composed of credit accounts desired to be kept for continuation of doing business.

■ Wholly aside from the rational basis for these classifications, this Court does not believe there can be an unfairly discriminatory classification against any class of unsecured creditors when unsecured creditors would not receive anything in the event of liquidation in a Chapter 7.

The Court is mindful of the previously cited Bankruptcy Courts' language saying there must be a rational basis for the classification. Those Courts make no citation to that language in the Code or anywhere else and this Court has not been able to find any use of such terminology in any of the bankruptcy reporting services or legislative history which is available to it.

■ The question under 11 U.S.C. § 1322(b)(1) is not "rationality" of the classifications. The question is whether there is "unfairness" between the classes. When a creditor or a class of creditors are not legally entitled to receive anything, they cannot be classified in an unfairly discriminatory manner. If a plan proposes to pay each unsecured claim at least as much as that claim would receive in liquidation under Chapter 7, the plan can propose to pay additional sums to a single unsecured creditor or classes of other unsecured creditors without unfairly discriminating. The debtors are paying more than is legally required and the Courts should not discourage such plans.

■ Under circumstances where the debtors do not have to pay anything to any unsecured creditors, it makes no sense to have a system that prevents them from paying one or more unsecured creditor of their choosing. Surely the Bankruptcy Courts should not be in a position of telling debtors that they cannot voluntarily pay a creditor from property or future income in which other creditors have no rights. Under circumstances like these, this Court would allow a classification for unsecured creditors whose credit managers have red-headed secretaries. Who would be hurt? Maybe some creditor could meet this test and, if so, at least that creditor would be paid.

The addition of a test of the rationality for classification of unsecured claims, in circumstances where unsecured claims are all receiving not less than they would receive in the event of liquidation under Chapter 7, is the equivalent of the Judiciary acting like the Congress. Congress was elected to enact legislation. They have enacted the new Bankruptcy Code. This Court is not inclined to judicially enact more or less than Congress has provided.

Hillcrest's objection on the basis of unfair discrimination against Class 6 is overruled. The debtors' plan will be confirmed by separate Order.