In re Thomas Edward COOPER, Debtor.

Bankruptcy No. 80–00245–K.

United States Bankruptcy Court,
S. D. California.

March 18, 1980.

George Ritner, San Diego, Cal., for debtors.

Harry W. Heid, San Diego, Cal., for Chapter 13 trustee.

Robert E. Gallatin, San Diego, Cal., for Ford Motor Credit Co. (creditor).

## MEMORANDUM OF OPINION RE. CLASSIFICATION OF CREDITORS

HERBERT KATZ, Bankruptcy Judge.

Thomas Edward Cooper, debtor, filed a Chapter 13 proceeding on February 5, 1980.

The debtor's plan, filed the same date, proposes to pay the sum of $428.00 monthly to the trustee until a dividend of 70% has been paid to unsecured creditors. The plan also proposes to pay one secured creditor the value of his claim, alleged to be $600.00, out of a total debt of $755.00, secured by a 1969 Ford automobile. Said creditor will be paid 10% interest.

In addition, the plan proposes to pay the debt owed to Ford Motor Credit Co., secured by a 1979 Ford automobile, in full including the contract rate of 15.97% at the rate of $170.00 per month, which is the monthly contractual payment due Ford Motor Credit Co.

The total debt to Ford Motor Credit Co. is alleged to be $8,000. According to the debtor the value of the security for that debt is $4,050.00. Ford Motor Credit Co. alleges the value to be $5,260.00.

In either event, there appears to be an unsecured claim in favor of Ford Motor Credit Co. of somewhere between $3,950 and $2,740, which the debtor proposes to pay in full, while paying his other unsecured creditors only 70% of their claims.

The debtor makes this proposal on the grounds that there is a co-signor, namely his wife, on that obligation.

Ford Motor Credit Co. objected to the plan on the grounds of improper valuation and that the debtor is in reality the co-signor, the consideration for the debt having been received by the wife.

At the confirmation hearing Ford Motor Credit Co. withdrew its objection to valuation when it determined that it would be paid in full. However, the objection that the debtor is the co-signor remains viable.

I take that objection as a request to be relieved of the stay of § 1301(c).[1] The debtor, having been noticed therewith, was given two opportunities to have an evidentiary hearing held on that issue, and both times his counsel declined. I therefore conclude that the debtor waived his right to such a hearing, and the matter is submitted on the pleadings of Ford Motor Credit Co.

Those pleadings include the following exhibits:

*Exhibit "A"*—The sales contract for the 1979 automobile dated August 15, 1979 and executed by both the debtor and his wife.

*Exhibit "B"*—The credit application showing the wife as the borrower and the debtor as the "co-applicant."

*Exhibit "C"*—The certificate of ownership showing the wife only as the registered owner. There appear to be two issues to be decided here. The first is whether the wife is a co-signor or not. The second is whether the debtor has improperly classified his creditors such as to prevent confirmation of the debtors plan.

■ In the matter sub judice, a husband and wife purchased a car, title to which is in the wife's name only. Does that make one the co-signor of the other? I think not.

Under California law, personal property acquired during marriage is the community property of the parties. (Cal.Civ.Code 5110). The law was different prior to enactment of the above cited section, which became effective on January 1, 1975, as to all property acquired by a married woman by an instrument in writing. Such property is community property under present law.

Further, under California law, the interests of the husband and wife in community property during the continuance of the marriage, are present, existing and equal rights. (Cal.Civ.Code 5105).

In other words, a husband and wife, since the effective date of Cal.Civ.Code § 5105, which also was January 1, 1975, each have a fully vested right as to one-half of all the community property and have joint control thereof.

Based on the analysis of California law, I must conclude that the debtor's wife is not a co-signor, but rather is a debtor of Ford Motor Credit Co., just as fully as is her husband.

Since she is not a co-signor, the automatic stay of § 1301 cannot apply to her.

That brings me to the second issue as to whether the classification of Ford Motor Credit Co. is improper.

In order to confirm a plan under Chapter 13, the court must be satisfied that all of the elements of § 1325(a) have been met.

After hearing, I have concluded that the debtor has satisfied every element of § 1325(a) except the very first one.

§ 1325(a)(1) provides that before a plan is confirmed it must comply with the provisions of Chapter 13 and other applicable provisions of Title 11 U.S.C.

■ Among the provisions of Chapter 13 is § 1322(b) which provides the permissive provisions of a Chapter 13 Plan. Among those is § 1322(b)(1) which states that a plan may designate a class or classes of unsecured claims as provided in § 1122.[2] But if the plan does so it may not discriminate unfairly against any class.

1. § 1301(c). Stay of action against codebtor. On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor; (2) the plan filed by the debtor proposes not to pay such claim; or (3) such creditor's interest would be irreparably harmed by such stay.

2. § 1122. Classification of claims or interests.

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

The spirit and letter of Chapter 13 requires that all similarly situated creditors be given equal treatment. *In re Tatum* 1 B.R. 445, 5 BCD 1069, (Bkrtcy.1979).

Pursuant to § 506 a secured creditor must have his security valued. The value of the security is deemed such creditor's secured claim and the balance of the debt, if any, is deemed to be an unsecured claim. Therefore, in a majority of cases, such as is true here, the creditor has two claims.

If this plan were confirmed in its present form, Ford Motor Credit Co. would receive 100% of its unsecured claim while others similarly situated would only receive 70% of their unsecured claims, including the only other secured creditor.

This treatment, on its face is discriminatory. No justification for it has been shown.

It is true that Ford Motor Credit Co. in its objections has not raised this precise issue.[3]

However, the court has an independent duty to confirm only those plans which meet all of the provisions of § 1325(a). That duty is even more important under Chapter 13 because unlike Chapter XIII, unsecured creditors have no right to vote on acceptance of the plan. *In re Fizer*, 1 B.R. 400, 5 BCD 1052 (Bkrtcy.1979); *In re Blevins*, 1 B.R. 442, 5 BCD 1054 (Bkrtcy.1979).

The debtor here has failed to meet all of the requirements of § 1325(a). Therefore the plan proposed cannot be confirmed.

Pursuant to FRCP 52, this Opinion constitutes the Findings of Fact and Conclusions of Law herein.

---

3. Since the plan proposes to pay them in full, it is doubtful that they would raise it.