**In re Robert I. RAGSDALE, Jr., Debtor.**

**Bankruptcy No. 80–01537A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Oct. 17, 1980.

---

Macey & Zusmann, Atlanta, Ga., for Fulton Nat. Bank.

Ward D. Hull, Hutcheson & Hull, P.C., Decatur, Ga., for Copy Preparation, Inc.

Michael Mears, McCurdy & Candler, Decatur, Ga., for June One Co.

Ezra H. Cohen, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for debtor.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On May 7, 1980, the above-referenced debtor filed a petition for relief and a plan of arrangement under Chapter 13, Title 11, U.S.C. The plan provided that:

"1. The future earnings of the debtor are submitted to the supervision and control of the court and the debtor shall pay to the trustee the sum of $100.00 semi-monthly.

2. From the payments so received the trustee shall pay priority claims, including attorney's fees, Georgia Department of Revenue (sales tax) and Internal Revenue Service (federal employment taxes withheld).

3. The debtor shall pay outside the plan secured creditors: General Motors Acceptance Corporation (car loan), Security

Pacific Mortgage (first mortgage on residence), and First National Bank of DeKalb County (second mortgage on residence).

4. The debtor shall not pay unsecured claims.

5. Title to the debtor's property shall revest in the debtor on confirmation of a plan."

On June 18, 1980, Fulton National Bank, an unsecured creditor, filed an objection to the confirmation of this plan based on three separate grounds. These grounds are:

"(a) The Plan violates the best interest of the creditors test as defined in 11 U.S.C. § 1325(a)(4) inasmuch as the unsecured creditors would receive more in a liquidation than under the proposed Plan;

(b) The Plan has not been proposed in good faith under 11 U.S.C. § 1325(a)(3), inasmuch as it proposes to pay partially secured creditors 100% of their claims and proposes to pay unsecured creditors zero;

(c) The proposed Plan under § 1325(a)(1) does not comply with the provisions of Chapter 13, to-wit specifically 11 U.S.C. § 1322(b)(1), inasmuch as the Plan unfairly discriminates against the unsecured creditors by paying the partially secured creditors 100% of their claims even as to the unsecured portions of their claims."

On June 24, 1980, Copy Preparation, Inc., an unsecured creditor, filed an objection to the confirmation of the plan alleging that the zero payment to unsecured creditors is less than they would have received in a liquidation.

On July 8, 1980, June One Company, an unsecured creditor, filed an objection to the plan claiming also that the plan fails to meet the "best interests of the creditors" test and that it discriminates unfairly. On July 23, 1980, an evidentiary hearing was held on the foregoing objections and the matter was taken under advisement.

### CONCLUSIONS OF LAW

The objection filed by the Fulton National Bank (hereinafter "Fulton") incorporates the grounds upon which the other two objections are based. Because of this, rulings on the grounds raised in that objection will control the remaining objections.

■ The first ground raised by Fulton is that the plan violates 11 U.S.C. § 1325(a)(4) because unsecured creditors would receive more in a liquidation than they will under the proposed plan. The plan provides for zero payments to unsecured creditors. The evidence presented at the hearing indicated that unsecured creditors would also receive nothing if the debtor's non-exempt assets were liquidated. There are arguably three assets available to the estate, a Toyota automobile, some clothing and jewelry, and a tax refund. However, the evidence indicates that the clothing and jewelry and the debtor's equity in the Toyota have been claimed as exempt and that the tax refund is subject to setoff by the taxing authority as a priority claimant. Therefore, the Court finds this ground for objection to be insubstantial.

■ The second ground for objection is that the plan has not been proposed in good faith because it proposes to pay partially secured creditors 100% and unsecured creditors nothing. The Court finds that the "good faith" standard embodied in 11 U.S.C. § 1325(a)(3) [1] is intended to continue the historical requirement of good faith required under Chapter XIII. [2] This historical requirement forbids only plans which abuse the provisions, purposes or spirit of Chapter 13. *In re Cloutier*, 3 B.R. 584 (Bkrtcy., D.Col.1980). Allowing a debtor to repay some creditors while other creditors receive at least the liquidation value of their claims is not such an abuse. Therefore, the second ground for objection is also overruled.

■ The third ground for objection is that the plan unfairly discriminates against certain unsecured creditors by paying secured creditors 100% on the unsecured portion of their claims. One secured creditor which will be paid 100% on the unsecured

---

**1.** "Good faith" is also a confirmation standard under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1129(a)(3).

**2.** See §§ 651, 656(a)(4).

portion of its claim holds a note securing a 1979 Chevrolet which is used in the debtor's business. This debt would probably be re-affirmed under a Chapter 7 proceeding and paid out of the debtor's future earnings. Since this will be done under the plan, the Court finds no unfairness to be present. In fact, where a classification of unsecured creditors is reasonable in light of the goals and purposes of the bankruptcy laws, this Court may well permit the debtor, if the evidence adduced so warrants, to place his unsecured creditors in different classes. *In re Sutherland*, 3 B.R. 420 (Bkrtcy., W.D. Ark.1980). The Court finds that there is no unfair discrimination in the treatment of unsecured creditors by this plan.

Therefore, it is hereby ORDERED and ADJUDGED that the objections to the confirmation of this plan are overruled.