**In re John Glenn COOK, SS # 383–46–1749, a/k/a Glenn Cook, and Thelma Marion Cook, SS # 421–46–4857, a/k/a Thelma Marion Morgan and Marion Cook, Debtors.**

**Bankruptcy No. 82–00018 R L.**

United States Bankruptcy Court, D. New Mexico.

July 15, 1982.

Peter M. Hebard, Alamogordo, N. M., for debtors.

Gary B. Ottinger, Albuquerque, N. M., Chapter 13 trustee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court at a hearing on confirmation of the debtors' chapter 13 plan. Debtors' plan as presented provides for two classes of unsecured claims. The first class is unsecured claims which were guaranteed by a co-signer, and the plan provides for 100% payment of these claims. The second class is all other unsecured claims (i.e., those not guaranteed by a co-signer), and the plan provides no payment on these claims. The Court took confirmation of this plan under advisement in order to determine if such classification among unsecured creditors is allowable under the Bankruptcy Code, 11 U.S.C. § 101, et seq.

Classification of unsecured claims is to be achieved in such a manner so as to avoid unfair discrimination against any designated class. 11 U.S.C. § 1322(b)(1). The reference to Bankruptcy Code §. 1122 in § 1322 adds the requirement that claims or interests in a particular class be substantially similar. 11 U.S.C. § 1122. These restrictions on classification have been analyzed elsewhere and interpreted as both allowing and disallowing a classification of unsecured claims as is before this Court.

The only case directly on point which allows a classification of unsecured claims with codebtors states that the requirement that all claims in a class be "substantially similar" does not extend to require that all "substantially similar" claims be placed in the same class. In re Kovich, 4 B.R. 403, 2 C.B.C.2d 203, 6 B.C.D. 482 (Bkrtcy.W.D. Mich.1980). This case also stands for the proposition that a classification is not unfairly discriminatory unless an unsecured creditor receives less than it would in a chapter 7 liquidation. If a debtor's affairs are such that an unsecured creditor would receive nothing under chapter 7, then almost any treatment of that creditor, short of mere whim, is fair under chapter 13. Id.; Cf. In re Perskin, 9 B.R. 626, 4 C.B.C.2d 294, 7 B.C.D. 798 (Bkrtcy.N.D.Tex.1981); In re Hill, 4 B.R. 694, 2 C.B.C.2d 681, 6 B.C.D. 568 (Bkrtcy.D.Kan.1980).

The opposing view, that a classification based solely on the existence of a codebtor is not allowable, is best expressed by the decision of In re Iacovoni, 2 B.R. 256, 5 B.C.D. 1270 (Bkrtcy.C.D.Utah 1980). The Iacovoni court found that the existence of a codebtor does not change the nature of the debt or the debt's position vis-a-vis the debtor's assets. Id. at 260, 5 B.C.D. at 1272. This opinion points out that § 1322 requires that no class of unsecured creditors be discriminated against. Id. at 261, 5 B.C.D. at 1272. Judge Mabey, in Iacovoni, found a legislative intent to provide protection to unsecured chapter 13 creditors reflected by the direct tie between §§ 1322(b)(1) and 1122, Id., and ruled that that protection forbids different treatment of unsecured creditors based solely on the existence of a codebtor.

This line of reasoning has been adopted by other courts as being the correct interpretation of the Bankruptcy Code. In re Montano, 4 B.R. 535, 2 C.B.C.2d 431, 6 B.C.D. 487 (Bkrtcy.D.D.C.1980), upheld on appeal, 14 B.R. 21, 4 C.B.C.2d 1510, 7 B.C.D. 961 (Bkrtcy.D.D.C.1981); In re Barker, 7 B.R. 707 (Bkrtcy.W.D.Mo.1980). Cf. In re Gay, 3 B.R. 336, 6 B.C.D. 149 (Bkrtcy.D. Colo.1980); In re Martin's Point Limited Partnership, 12 B.R. 721, 8 B.C.D. 40 (Bkrtcy.N.D.Ga.1981); In re Dziedzk, 9 B.R. 424, 4 C.B.C.2d 1, 7 B.C.D. 497 (Bkrtcy.S.D. Tex.1981); In re Case, 11 B.R. 843, 4 C.B. C.2d 978 (Bkrtcy.D.Utah 1981). This Court believes this to be the better-reasoned view. We are persuaded that to allow a classification of unsecured creditors solely on the basis of a codebtor would be unfair, unreasonable, and improper under the Bankruptcy Code.

Accordingly, we find that the debtors' chapter 13 plan cannot be confirmed.

An appropriate order shall enter.