**In re John Glenn COOK and Thelma Marion Cook.**

**WORTHEN BANK & TRUST COMPANY, N.A., Plaintiff/Appellee,**

v.

**John Glenn COOK, Thelma Cook, and Gary B. Ottinger, Defendants/Appellants.**

**Bankruptcy No. 82–00018RL. Civ. No. 82–774–JB.**

United States District Court, D. New Mexico.

Dec. 22, 1982.

Keleher & McLeod, Michael Wile, Albuquerque, N.M., Isaac A. Scott, Jr., Little Rock, Ark., for plaintiff-appellee.

Peter M. Hebard, Alamogordo, N.M., Gary B. Ottinger, Albuquerque, N.M., for defendants-appellants.

## MEMORANDUM OPINION

BURCIAGA, District Judge.

THIS MATTER comes before the Court on appeal from the Bankruptcy Court for this district. At issue is the Bankruptcy Court's denial of confirmation of the debtors' Chapter 13 plan which classifies unsecured creditors on the basis of whether there are co-obligors on the debt.

The Cooks, debtors-appellants, filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on January 11, 1982. On January 14, they filed their proposed plan. This plan calls for full payment of claims classed as priority claims under 11 U.S.C.A. § 507 (1979), of secured claims, of unsecured claims for child support and related expenses, and of unsecured claims which are guaranteed by a co-signor. The plan calls for no payment to be made on all other unsecured claims. On February 8, appellee, Worthen Bank and Trust, an unsecured creditor of the Cooks, filed an Objection to Confirmation. In an opinion filed July 15 and reported at Bkrtcy., 21 B.R. 650, Judge McFeeley denied confirmation of the plan on the basis that it unfairly discriminated between classes of unsecured creditors, in violation of 11 U.S.C.A. § 1322(b)(1) (1979).

Section 1322 provides:

(a) The plan shall—

\*     \*     \*     \*     \*     \*

(3) If the plan classifies claims, provide the same treatment for each claim within a particular class.

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) Designate a class or classes of unsecured claims, as provided in § 1122 of this title, but may not discriminate unfairly against any class so designated.

Section 1122 states:

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

These provisions of the Bankruptcy Code have been the subject of many cases. Three distinct interpretations have emerged.

The most liberal interpretation is represented by *In re Sutherland,* 3 B.R. 420 (Bkrtcy.W.D.Ark.1980). In *Sutherland,* the court held that there is no unfair discrimination where the unsecured creditor receives at least as much as he would in a Chapter 7 liquidation proceeding. This interpretation of § 1322(b)(1) relies on reading the provisions of § 1325(a)(4) into the definition of "unfair discrimination." Section 1325(a)(4) provides:

(a) The court shall confirm a plan if—

\*     \*     \*     \*     \*     \*

(4) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date.

Under the *Sutherland* interpretation, almost any treatment of an unsecured credi-

tor is acceptable if a debtor's affairs are such that the creditor would receive nothing in a Chapter 7 proceeding. The *Sutherland* view has not been widely followed, *In re Dziedzic,* 9 B.R. 424, 426 (Bkrtcy.S.D.Tex. 1981), although other courts have used the *Sutherland* test as a factor in determining whether the classification is rational. *See, e.g., In re Kovich,* 4 B.R. 403 (Bkrtcy.W.D. Mich.1980).

The *Sutherland* approach fails to give significance to the "unfair discrimination" language of § 1322. Chapter 7 and Chapter 13 are not interchangeable. The *Sutherland* approach results in allowing debtors to retain their assets and invoke the § 1301 stay of actions against co-debtors while discharging entirely most of their unsecured debts. The net result is much like a Chapter 7 proceeding with reaffirmation of secured debts and those few unsecured debts the debtor wishes to pay. *In re Nickels,* 4 B.R. 481 (Bkrtcy.S.D.Ohio 1980). This blurring of the distinction between Chapter 13 and Chapter 7 proceedings is not warranted. Although both are aimed at providing a "fresh start" for the debtor, Chapter 13 is designed to promote creditor interests by making future income available for the payment of debts and to promote debtor interests by preserving the debtor's assets, including employment or going concern value. 5 L. King, *Collier on Bankruptcy* ¶ 1300.02 (15th ed. 1979). The provisions of § 1325(a)(4) are a minimum standard and are not determinative of whether there is unfair discrimination between creditors. *In re Nickels, supra; In re Dziedzic, supra.*

The most restrictive view taken of § 1322(b)(1) is expressed in *In re Iacovoni,* 2 B.R. 256 (Bkrtcy.D.Utah 1980). The *Iacovoni* opinion relies on a comment in *Collier's* which interprets § 1122:

"Section 1122 permits classification of claims and interests subject to the restriction that a claim or interest may be included in a particular class only if it is "substantially similar" to other claims and interests of such class.... Although the Code does not provide elaboration with respect to the meaning of the

phrase "substantially similar," such phrase must be construed to mean similar in legal character or affect as a claim against the debtor's assets or as an interest in the debtor."

5 L. King, *Collier on Bankruptcy* ¶ 1122.03 (15th ed. 1979). On the basis of this comment, the *Iacovoni* court rejected classification based on the existence of a co-debtor and ruled that classification could be based only on differences in legal rights to the debtor's assets. Because an unsecured creditor's rights in the debtor's assets do not change where there is a co-debtor, the court refused to allow the proposed classification based on the existence of the co-debtor.

This restrictive approach of *Iacovoni* results in allowing almost no classification. While Chapter 11 creditors may have different legal interests in the business debtor's assets based on such things as the kind of stock held, there can be little basis for distinguishing between an individual debtor's unsecured creditors. If the *Iacovoni* view is adopted, the only possible basis for classification of unsecured claims under § 1322(b)(1) is: 1) that some claims may be contractually subordinated to others, and 2) some small claims may be classed separately for administrative convenience as is allowed by § 1122(b).

The court below adopted the *Iacovoni* reasoning. This reading of § 1322(b)(1) is too restrictive and is rejected by this Court. Under the old Bankruptcy Act there was no provision for the classification of unsecured claims. 5 L. King, *Collier on Bankruptcy* ¶ 1322.01[3][A] (15th ed. 1979). The purpose of the 1978 changes in Chapter 13 of the bankruptcy law was to increase the flexibility permitted to Chapter 13 debtors. *Id.* at ¶ 1322.01[1]. "If the courts were to construe as unfair discrimination a proposal to pay a particular class of claims a greater percentage than some other class, section 1322(b)(1) would be deprived of most of its meaning." *Id.* at 1322.01[3][A]. In order to give meaning to the classification provisions of § 1322(b)(1), a more liberal approach must be adopted.

■ This Court adopts the emergent majority view expressed in *In re Dziedzic, supra.* Under this approach, each case must be reviewed on its own merits. *See In re Kovich, supra.* A classification is not *ipso facto* unfairly discriminatory because it provides for a greater percentage of payment to some unsecured creditors than to others. A debtor, however, bears the burden of showing that the proposed classification does not unfairly discriminate. *In re Wolff,* 22 B.R. 510 (Bkrtcy.App. 9th Cir.1982). This is consistent with the general burden on the Chapter 13 debtor to show that the proposed plan ought to be confirmed. *In re Elkind,* 11 B.R. 473 (Bkrtcy.D.Colo.1981); *In re Crago,* 4 B.R. 483 (Bkrtcy.S.D.Ohio 1980).

■ Factors to be considered by the court in determining whether a classification unfairly discriminates are: 1) whether the discrimination has a reasonable basis, 2) whether the debtor can carry out a plan without such discrimination, 3) whether such discrimination is proposed in good faith, and 4) the treatment of the class discriminated against. *In re Dziedzic, supra* at 427; *see also In re Gay,* 3 B.R. 336 (Bkrtcy.D.Colo.1980); *In re Blackwell,* 5 B.R. 748 (Bkrtcy.W.D.Mich.1980). These factors are to be considered in light of the Chapter 13 policies of providing the debtor with a fresh start and promoting creditor interests "through ratable recoveries from future income not available to creditors in liquidating bankruptcy proceedings." 5 L. King, *Collier on Bankruptcy* ¶ 1300.02 (15th ed. 1979).

■ In the case at bar, the court below made no determination based on the factors cited here. There is no indication in the record that there is a reasonable basis for the proposed classification between unsecured claims for which there is a co-debtor and other unsecured claims. It may be possible for the debtors to show that they will be subjected to undue pressure which will jeopardize their fresh start if the classification is not made. This determination, however, is not to be presumed, but must be made on the facts of the case.

Appellees argue that the court below denied confirmation because there was an absence of the good faith required by 11 U.S.C.A. § 1325(a)(3) (1979). The opinion below clearly does not address the good faith issue. Good faith, however, is one factor to be analyzed in determining whether classification of unsecured claims unfairly discriminates. *In re Dziedzic, supra.* Non-payment to one class is not a *per se* demonstration of bad faith. *In re Rimgale,* 669 F.2d 426 (7th Cir.1982); *In re McKithan,* 23 B.R. 268 (D.C.D.Ga.1982). Exceptional circumstances may warrant non-payment or lesser payment to a class where other policies dictate substantial payment to another class of unsecured creditors. *See, e.g., In re Haag,* 3 B.R. 649 (Bkrtcy.D. Or.1980) (confirmation of plan calling for full payment of child support arrearages and 25% payment on all other unsecured claims). Substantiality of payment is only one criterion of whether a proposed plan meets the good faith requirement. Other factors to consider are: 1) the debtor's ability to pay, 2) whether the debtor has previously filed a bankruptcy petition, 3) the extent and nature of the debts, 4) the classifications proposed for unsecured claims, 5) the extent of the preferential treatment between classes, 6) the debtor's inability to gain discharge of large claims under Chapter 7, and 7) the relation of attorney fees and administrative costs to the distribution to unsecured creditors. *In re Blackwell, supra.*

On the facts before this Court, it is impossible to say that the proposed plan must be denied confirmation. This cause shall be remanded to the Bankruptcy Court for determinations in accordance with this opinion.

IT IS SO ORDERED.