In re Joseph Paul RATLEDGE, Tina Paulette Ratledge, Debtors.

Bankruptcy No. 1–81–00998.

United States Bankruptcy Court, E.D. Tennessee.

July 22, 1983.

**898**

Robert J. Harriss, Rossville, Ga., for debtors, Joseph Paul Ratledge and Tina Paulette Ratledge.

Alvin M. Grisham, Chattanooga, Tenn., for creditor, Avco Financial Services, Inc.

RALPH H. KELLEY, Bankruptcy Judge.

A creditor, Avco Financial Services, Inc., filed an objection to confirmation of debtors' chapter 13 plan.

Avco is the holder of a claim in the amount of $4,002.00 of which $500.00 is secured and $3,502.00 is unsecured.

Under the plan:

(1) allowed secured claims will be paid in full.

(2) allowed unsecured claims will be paid up to $500.00 and 10 percent of any amount in excess of $500.00.

Avco contends that "The plan establishes artificial classes of creditors, imposing an arbitrary Five Hundred Dollar ($500.00) maximum for one-hundred percent (100%) payment of certain unsecured claims, resulting in unequal treatment and unfair discrimination."

The debtors are a young couple with two children, ages 6 and 3. From the entire record (bankruptcy schedules and testimony) it appears the debtors had unstable employment during the year preceding the filing of their chapter 13. Their combined income for the entire year was only $8,800.00.

The debtors have some equity in a four room house, a 1973 Plymouth and some household furnishings. In the event of bankruptcy, they could claim their exemptions and unsecured creditors would receive nothing.

Under their chapter 13 plan secured claims will be paid in full. These payments will total approximately $5,000.00. They will be applied on the residence, automobile and furniture.

Under the plan unsecured claims will be paid up to $500.00, and ten percent on any amount in excess of $500.00. These payments will total approximately $2,700.00.

The plan as proposed will take more than three years to complete.

At the original confirmation hearing the court had some doubt that the debtors would be able to make all payments under the plan. The court entered an order of confirmation with the understanding that the confirmation would be reconsidered *de novo* after the trustee filed his six-month report.

After reconsideration, the court finds that the debtors' employment has stabilized and payments are being made regularly in full compliance with the plan.

The creditor, Avco Financial Services, Inc., reasserts its objection to classification and also alleges in effect that:

(1) The plan does not comply with the mandatory language of 11 U.S.C. § 1325.

(2) The plan was not proposed in "good faith".

(3) One unsecured debt has a co-maker and cannot be classified differently from other unsecured debts.

As to the three objections, the court finds that (1) the debtors are making reasonable efforts to pay in accordance with their means and the plan was proposed in good faith, (2) the court's original confirmation order found specifically that the plan complied with all the mandatory language of 11 U.S.C. § 1325, and the court will not reconsider that finding, except to deal with the classification arguments and (3) the co-

signed debt is not classified separately but will be paid in full because it is less than $500.00.

The real issue before the court involves the proposal to pay up to $500.00 on each unsecured claim plus 10% on any amount over $500.00. Is this classification permissible under the Code or does it unfairly discriminate between classes of unsecured creditors, in violation of 11 U.S.C. § 1322(b)(1) (1979)? It provides:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated;

Section 1122 provides:

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

As claims to the debtor's assets, all non-priority, unsecured claims are essentially alike. In a liquidation case, money available to pay on unsecured claims is distributed evenly among them; the same percentage is paid on each claim. Many chapter 13 plans provide that the same percentage will be paid on each unsecured claim. The statute, however, allows a debtor to classify unsecured claims for the purpose of treating some more favorably than others. Of course, the class discriminated against will probably consider any such discrimination patently unfair. The statute's allowance for "fair" discrimination underscores the difference between chapter 7 and chapter 13. As one court pointed out, "Debtors, especially those with numerous creditors, should be afforded the discretion to draft plans to best organize their financial affairs from their own personal perspective." *Led-*

*ford v. McCormick,* 27 B.R. 434, 438 (Bkrtcy. S.D.Ohio 1983).

This case illustrates how easily classes can be created. Avco's claim and the claim of Sears, Roebuck and Company were classified together on the ground that each exceeds $500.00. They are substantially similar in that respect. But the underlying reason for classification is more important to the extent it is relevant to whether the plan *unfairly* discriminates against a class. The stronger the reasons for treating some creditors more favorably, the more likely it is that the class discriminated against is being treated fairly.

This leads the court to the questions put forth in *In re Kovich,* 4 B.R. 403, 407, 6 B.C.D. 482, 484, 2 C.B.C.2d 203, 207–208 (Bkrtcy.W.D.Mich.1980).

(1) Whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without such discrimination; (3) whether such discrimination is proposed in good faith; and (4) the treatment of the class discriminated against.

Accord, *In re Wolff,* 22 B.R. 510, 9 B.C.D. 451, 6 C.B.C.2d 1282 (Bkrtcy.App. 9th 1982); *In re Cook,* 26 B.R. 187, 9 B.C.D. 1377, 7 C.B.C.2d 1079 (D.C.D.N.M.1982); *In re Dziedzic,* 9 B.R. 424, 7 B.C.D. 497, 4 C.B.C.2d 1 (Bkrtcy.S.D.Tex.1981).

The court believes these cases adopt a good approach to classification disputes and will apply the four tests generally, without separate discussion.

Only the objecting creditor, Avco, and Sears have claims exceeding $500.00. Sears' claim is about $560.00 and will be almost paid in full under the plan as proposed. The burden of the discrimination falls on Avco's claim for $3,500. It will be paid about $800, or 23% of the total, while other unsecured claims are paid in full or almost in full. The debtors, however, have not singled out Avco because of spite or ill will. The smaller unsecured claims are doctor, drug, hospital, and retail store bills. See *In re Hill,* 4 B.R. 694, 6 B.C.D. 568, 2 C.B.C.2d 681 (Bkrtcy.D.Kan.1980). Avco's claim results from loans to the debtors, including several renewals or consolidations.

The classification allows the debtors to pay the smaller claims in full and still pay Avco 23%.

The debtors' payments are as large as they can afford, and the plan will still run for fifty months. Congress intended that chapter 13 plans generally run for thirty-six months, though "for cause" they can be allowed to run as much as sixty months. 11 U.S.C. § 1322(c). The court could not have confirmed a plan to pay all unsecured claims in full because it would run for more than sixty months. The debtors probably could have had confirmed a plan that would run for less than fifty months, would pay the same percentage on all unsecured claims, and would pay Avco less than the $800 it will receive under this plan. If the debtors were forced into a chapter 7 liquidation case, Avco would receive nothing on its unsecured claim.

Avco would like to have the total that is to be paid on unsecured claims distributed evenly so that it would receive a larger percentage payment and the other unsecured creditors would receive less. Avco's claim is more than 50% of the total of the unsecured claims. Such a plan would not discriminate against Avco and would be confirmable. The debtors could carry out such a plan without the proposed discrimination. The second test, however, is important mostly to show when there is a strong reason to *favor* an unsecured claim because of the claimant's ability to affect the performance of the plan. The holders of a claim for family support may threaten the debtor with imprisonment for contempt for failure to pay current obligations, especially if the debtor is attempting to pay less than the total of arrearages owed at the time of filing. The holders of a bad check claim may pursue a criminal prosecution if the debtor does not propose to pay the claim in full. Landlords and co-debtors upset by the proposal payment on their claims can make it difficult for the debtor to perform the plan. The debtors' reasons for favoring other creditors over Avco are different but still justify the discrimination proposed.

The obvious reason for allowing "fair" discrimination between claims that are essentially alike is to promote the use of chapter 13 over the use of chapter 7 liquidations. The courts must be watchful to prevent unfair discrimination while allowing debtors to classify claims to their advantage. The court cannot say that the discrimination against Avco's claim is without basis or so unfair as to be unallowable. The court will enter an order denying Avco's objections to confirmation.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.