**In re Larry S. KELLEY, Debtor.**

**SOUTHERN DISCOUNT COMPANY OF GEORGIA, Plaintiff,**

v.

**Larry S. KELLEY, Defendant.**

**Adv. No. 82-0272.**

United States Bankruptcy Court, M. D. Alabama.

July 12, 1982.

John E. Tomlinson, Atlanta, Ga., for plaintiff.

Cecil M. Tipton, Jr., Opelika, Ala., for defendant.

## MEMORANDUM OPINION AND ORDER

LEON J. HOPPER, Bankruptcy Judge.

The debtor, Larry S. Kelley, the defendant in this adversary proceeding, filed his Chapter 13 case on February 17, 1982. The matter before the court is the complaint of the creditor, Southern Discount Company of Georgia, seeking relief as to the debtor's mother from the automatic stays provided for by Sections 362 and 1301 of the Bankruptcy Code. Trial was held in this matter at Opelika, Alabama, May 28, 1982, and there were present John Tomlinson, attorney for plaintiff, and the debtor and his attorney, Cecil M. Tipton, Jr.

Prior to the filing of this case the debtor, Kelley, in need of funds, visited the office of Southern Discount primarily for the purpose of determining whether he would be eligible for a loan in view of his past credit record, including a previous Chapter XIII case. He did not make an application for a loan and he concluded from his conversations with the employee of Southern Discount that his credit record was not satisfactory.

The debtor asked if his mother, Mrs. Agnes Kelley, might arrange for the loan and Mrs. Kelley, having agreed to help her

son, telephoned Southern Discount concerning the loan and Southern employee took an application from Mrs. Kelley at that time.

At a later date the mother and son visited Southern Discount to complete the transaction. On this occasion the mother was treated by Southern as the borrower and set the amount which was loaned, $1,500. It appears from the testimony that Southern was satisfied with making the loan on the mother's signature alone. However, prior to the consummation of the transaction the son's name was placed on the note and his signature obtained at the behest of his mother, who stated that she hoped by his signing the note he would show some responsibility and make the payments provided for thereunder.

Southern's check in the amount of the loan proceeds was made out to both the debtor and his mother. Mrs. Kelley endorsed the check, gave it over to the debtor who then endorsed same and deposited it in his checking account. It is clear from the evidence that all parties were aware that the proceeds of the loan were for the use and benefit of Larry Kelley and the evidence shows that his mother received none of the consideration. The court did not have the benefit of the testimony of the mother and it is not clear whether any statements or bills arising out of the note were received by her. A statement was sent to the debtor, Larry Kelley, and he made one payment on the loan.

Although plaintiff requests relief from the stay provided by both Sections 362 and 1301 of the Code, the automatic stay of actions against the debtor provided by Section 362 is not applicable in this case as Mrs. Kelley is not the debtor and, accordingly, no stay is in effect as to her under Section 362.

The remaining issue to be decided is whether or not Mrs. Agnes Kelley is protected under the provisions of Section 1301 of the Code which provides, with certain exceptions, a stay against codebtors of the debtor.

There is no question here but what this is a consumer debt and that the 1301(c) exceptions would not apply inasmuch as the debtor received the entire consideration and proposes to pay Southern's claim in full under his plan in the Chapter 13 case. Accordingly, if the mother be deemed a codebtor then she is entitled to the full protection of the stay provided by Section 1301 of the Code.

The legislative history indicates that Section 1301 is intended to protect the debtor by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have cosigned an obligation of the debtor.

It does not appear that the situation here is that contemplated by the drafters of the Code. It can only be concluded from the facts that the mother of the debtor, Mrs. Agnes Kelley, is the principal and primary borrower from Southern Discount and that Southern did not seek the mother as a guarantor, endorser or surety but rather loaned her the money with the knowledge that she intended to give it over to her son.

The fact that the son signed the note and received the consideration does not of itself render the mother a codebtor protected by the automatic stay provided by Section 1301 of the Code. *In re Cooper*, 1 CBC 2d 813, 3 B.R. 246 (Bkrtcy. SD Ca., 1980). No new liability was created as to the mother by reason of the filing of the case and the chilling effect on prospective debtors by reason of their codebtors becoming liable for their debts is not present in this case.

It is accordingly ORDERED that the automatic stay provided by Section 1301 of the Bankruptcy Code is not applicable as to the aforesaid transaction and the plaintiff, Southern Discount Company of Georgia, is free to proceed as may be provided by law to collect from Mrs. Agnes Kelley the indebtedness due it by reason of the note executed by her on December 8, 1981.