**In the Matter of Eddie FREEMAN, Angela Freeman.**

**Bankruptcy No. 8200596JC.**

United States Bankruptcy Court, S.D. Mississippi, Jackson Division.

Dec. 14, 1982.

James B. Grenfell, Jackson, Miss., for Eddie and Angela Freeman.

M. Charles May, Jackson, Miss., for Public Finance Corp.

Charles A. Brewer, Jackson, Miss., Chapter 13 trustee.

## OPINION

BARNEY E. EATON, III, Bankruptcy Judge.

This matter came on for hearing on the objection filed by Public Finance Corporation to the debtors' plan under Chapter 13 of Title 11 U.S.C. Specifically, Public Finance filed its objection on the grounds that the plan failed to meet the good faith requirement of 11 U.S.C. § 1325(a)(3), and also the plan discriminated among creditors of the same class in violation of 11 U.S.C. § 1322.

### I.

1. The debtors, Eddie and Angela Freeman, filed their petition for relief under Chapter 13 of Title 11 U.S.C. on March 26, 1982.

2. The debtors' total monthly income is $1304.00. Total monthly expenses amount to $988.00. The debtors have one eight year old daughter.

3. The debtors propose to make monthly payments into their Chapter 13 plan of $147.51. The plan proposes to pay First National Bank and Merchants and Planters Bank each on two co-signor promissory notes. The plan proposes no payments to other unsecured creditors.

4. At the time of filing the petition, the debtors owed to Public Finance $2176.80 on an unsecured note for which Public Finance filed a proof of claim.

5. A hearing was scheduled to determine whether the plan was proposed in good faith and whether it discriminated among a class of creditors.

## II.

The requirements for confirmation of a Chapter 13 plan are contained in 11 U.S.C. § 1325. The Court is required to confirm the plan if six requirements are met. The plan must comply with the provisions of Chapter 13 and with other applicable provisions of the Bankruptcy Code.

The plan must be proposed in good faith and not by any means forbidden by law. The plan must also meet the best interest test with respect to unsecured creditors, being that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on that claim if the estate were liquidated under Chapter 7. 11 U.S.C. § 1325(a)(4). Finally, the debtor must be able to make all payments under the plan and to comply with it. Therefore, despite an objection to confirmation of the plan, the plan may be confirmed if it meets the requirements of 11 U.S.C. § 1325.

In the case presently before the Court, the creditor, Public Finance, has alleged in part that the plan was proposed in bad faith because the debtors' income will allow them to pay a reasonable percentage to unsecured creditors.

■ This argument is without merit. The debt is admitted and no fraud at the inception of the loan has been alleged.

Further, in light of the debtors' income and obligations, the debtors' Chapter 13 plan is clearly commensurate with their ability to pay under the plan. The requirement that the plan be proposed in good faith does not require that any specific amount be paid to unsecured creditors where they would receive nothing in the event of a liquidation. 11 U.S.C. § 1325(a)(3); *In Re Cloutier,* 3 B.R. 584, 6 B.C.D. 196 (Bkrtcy.1980); *In Re Harland,* 3 B.R. 597, 6 B.C.D. 235 (Bkrtcy. 1980); *In Re Purdy,* 16 B.R. 847 (D.C.1981).

■ The purpose of Chapter 13 is to give the debtor a fresh start by providing him opportunity to repay all or a percentage of his debts in full settlement of creditors' claims, while enabling the debtor to maintain support of himself and his family. 11 U.S.C. § 1301. The fact that the plan represents the debtors best effort is a significant indication of good faith on his part. Therefore, this Court finds that the plan is filed in good faith and that the unsecured creditors would be paid nothing if the debtors were liquidated under a Chapter 7.

Public Finance also alleges in its objection that the plan fails to conform with the provision of 11 U.S.C. § 1322 which provides for fair treatment for each claim within a particular class. The Court rejects the contention that unfair treatment of creditors will result if the debtors' plan is confirmed.

■ While it is true that some Courts have declined to confirm a plan that provided for differing payment to classes of unsecured claims, it is this Court's opinion that the plan may divide unsecured claims into classes so long as the classification does not "unfairly discriminate" against any other class. 11 U.S.C. § 1322(b)(1).

Code § 1122 of Chapter 11 governs the classification of claims in a Chapter 11 case. Code § 1322(b)(1) makes § 1122 applicable to the Chapter 13 plan if the plan divides unsecured claims into classes. Code § 1122 specifies that discrimination against classes of unsecured claims is not permissible. However, § 1322(a)(3) clearly provides "if the plan classifies claims . . . the plan shall

... provide the same treatment for each claim within a particular class," and it is § 1322(b)(1) which allows for the designation of classes of unsecured claims so long as they do not unfairly discriminate.

Thus it is true that unlike Chapter 11, Chapter 13 is not prohibited from discriminating among unsecured creditors in designating classes under the plan.

Only unfair discrimination against a class of unsecured creditors is not permitted. The statute allows for the classification of unsecured claims with some classes to receive differing payments for their debts, as long as the classification is not discriminatory or unfair in payment treatment. 3 Norton Bankr L & Prac § 76.05.

■ Therefore, the question to be determined by the Court when considering an objection to the classification is whether the objecting unsecured class is being unfairly discriminated against by the payment treatment accorded another unsecured creditor class.

■ Allowing an unsecured creditor to receive more than other unsecured creditors is not discriminatory unless the other creditors are getting less than they would under liquidation. There seems to be no reason that can be derived from § 1322(b)(1) why the payment of the liability involving a co-debtor should be held inherently unfair without a showing of unfair discrimination against other creditors of the same class "as long as the offended creditor's class is receiving 'not less than' it would have received in a Chapter 7 liquidation." 3 Norton Bankr L & Prac § 76.05; 11 U.S.C. § 1325(a)(4). If a creditor receives all he is entitled to, he is not being unfairly discriminated against.

■ The Court finds that the plan is in compliance with § 1325 and that the unsecured creditors of Eddie and Angela Freeman would receive nothing in the event of a liquidation and holds therefore that their Chapter 13 plan does not unfairly discriminate against any unsecured creditor. The plan is hereby confirmed.