PUBLIC FINANCE CORPORATION

v.

Eddie FREEMAN and Angela Freeman, Bankrupts.

Civ. A. No. J82–0689(C).

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 14, 1983.

James B. Grenfell, Jackson, Miss., for Eddie and Angela Freeman.

M. Charles May, Jackson, Miss., for Public Finance Corp.

Charles A. Brewer, Jackson, Miss., Chapter 13 trustee.

## JUDGMENT

WILLIAM HAROLD COX, District Judge.

This is an appeal by Public Finance Corporation, an unsecured creditor, from the decision of the bankruptcy court, dated December 14, 1982, on the contention that the Bankruptcy Judge discriminated against the other unsecured creditors, and that the plan was not filed in good faith. The excellent brief of the Trustee contends otherwise. Eddie Freeman and his wife have a monthly income of $1,304.00. They have monthly expenses of $988.00. They have an eight year old daughter. The debtors offered to pay $147.51 monthly and that payment is presently current. The plan proposes to pay First National Bank and Merchants and Planters Bank on their endorsed notes in full. The secured creditors are to be paid in full. The creditors would be paid nothing under Chapter 7 of the Bankruptcy Code.

 The new Bankruptcy Code was unskillfully drafted but it need not have defined good faith. That requirement of good faith is to be considered and adjudged objectively and not subjectively. That is the established view of the Supreme Court of the United States. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 920, 8 L.Ed.2d 21. The new act does not invite the Bankruptcy Judge, or this Court on appeal to legislate which this Court *never* does. Good faith required of the debtors in the preparation and presentation of their plan is not a phrase of art but this Court has no difficulty in deciding whether or not the plan of these debtors is presented in *good faith.* The Bankruptcy Judge heard all of the facts and considered all of the circumstances and adjudged that this plan was proposed in good faith. This Court agrees with that decision. The act itself expressly authorizes the classification of unsecured creditors without discrimination. That is exactly what has been done in this case. This unsecured creditor likewise complains that the Bankruptcy Judge allowed an attorney's fee. The bankruptcy court had the inherent right to allow the attorney for the debtors a reasonable fee and that allowance is approved.

There has not been very much controlling authority on these questions, and this Court makes its own interpretation and application of this enactment. The Ninth Circuit in *Re Goeb,* (9CA, 1982) 675 F.2d 1386 made its own flexible application of this enactment, and this Court approves and applies that method of thinking to this case.

In sum, this Court finds nothing suggested by Public Finance Corporation in this opinion of the Bankruptcy Judge to be in any wise, or to any extent clearly erroneous as suggested. On the other hand, this Court approves and affirms that opinion of the Bankruptcy Judge and modifies the plan to provide that all statutes of limitation as to all unsecured claims of these debtors are tolled during and throughout the remainder of these proceedings. This enactment is not a bonanza of any kind for debtors; and any default in any payment under this plan shall entitle the unsecured creditors of these debtors at any time after this date to pursue any remedy available for payment.

All costs of this proceeding on this appeal are assessed against Public Finance Corporation, and the Clerk of this Court is directed to provide Public Finance Corporation and its attorney with the amount of such costs and may institute proper process for the payment thereof within 10 days after this date unless sooner paid.