POLITZ, Circuit Judge:
 

 Public Finance Corporation, an unsecured creditor, objected to the debtors’ plan proposed by Eddie and Angela Freeman pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301-1330. The bankruptcy court’s approval of the plan was affirmed by the district court. 28 B.R. 77. Public Finance appeals.
 

 The Freemans’ petition reflects a combined monthly income of $1,304, and monthly expenses of the debtors and their eight-year-old daughter of $988. The secured creditors are to be paid in full. The debtors propose to make monthly payments ' of $147.51 into the Chapter 13 plan, scheduling payment in full to First National Bank and Merchants and Planters Bank, creditors on co-signed promissory notes. No payment is proposed for the other unsecured creditors, including Public Finance which filed a proof of claim for $2,176.80.
 

 Public Finance objected on the grounds that the plan failed to meet the good faith requirement of 11 U.S.C. § 1325(a)(3) and discriminated against creditors of the same class contrary to § 1322. The bankruptcy judge concluded that the plan was filed in good faith and that the unsecured creditors would receive nothing if the debtors’ estate were liquidated under Chapter 7. 28 B.R. 74. The bankruptcy judge also found that the requisites for confirmation of a plan prescribed by § 1325 had been met and that the plan was consistent with the provisions of § 1322 which require “the same treatment for each claim within a particular class.” The bankruptcy court’s findings of fact are not clearly erroneous. The bankruptcy judge assessed attorney’s fees against Public Finance. We conclude that this award is erroneous as a matter of law.
 

 Section 1325 details the six requisites to court approval of a plan:
 

 (a) The court shall confirm a plan if—
 

 (1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;
 

 (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
 

 (3) the plan has been proposed in good faith and not by any means forbidden by law;
 

 (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
 

 (5) with respect to each allowed secured claim provided for by the plan—
 

 (A) the holder of such claim has accepted the plan;
 

 (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
 

 (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
 

 (C) the debtor surrenders the property securing such claim to such holder; and
 

 
 *221
 
 (6) the debtor will be able to make all payments under the plan and to comply with the plan.
 

 Good Faith
 

 Section 1325(a)(3) requires that the plan be “proposed in good faith.” We find no statutory surcease in our search for a relevant definition. Public Finance suggests that good faith exists only when the debtor proposes payment to all unsecured creditors. It argues that a good faith proposal would also avoid differentiation in the treatment accorded unsecured creditors. This argument poses the inherent inquiry whether any plan may be considered in good faith if it does not provide for payment to all creditors, and if so, how much?
 

 We agree with our colleagues of the Ninth Circuit that good faith does not necessarily require substantial repayment of the unsecured claims.
 
 In re Goeb,
 
 675 F.2d 1386 (9th Cir.1982). Congress addressed only the minimum payment permitted, doing so explicitly in § 1325(a)(4) by directing that the amount to be paid on each unsecured claim cannot be “less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7.” As did the
 
 Goeb
 
 court, we consider the existence of this explicit statutory standard sufficient grounds to reject the suggestion that by prescribing the good faith requirement Congress implicitly intended a more rigorous standard.
 
 [1]
 

 We underscore that we do not examine a plan which proposes no repayment at all. The Freemans propose to pay the secured creditors and the unsecured creditors holding co-signed promissory notes. The validity of the so-called “zero-repayment” plan is not before us today.
 

 Congress is aware of the divergent views expressed by the circuits and is considering amending § 1325 to require that the plan represent the debtor’s
 
 bona fide
 
 effort to repay creditors.
 
 See
 
 the discussion in
 
 In re Goeb,
 
 675 F.2d at 1389. The uncertainty thus surrounding the good faith requirement may be short-lived.
 

 We are persuaded that the phrase “proposed in good faith” must be viewed in light of the totality of the circumstances surrounding confection of a given Chapter 13 plan. This analysis must be accomplished mindful of the purpose of the Bankruptcy Code and its legislative predecessors. Debtors are to be given a reasonable opportunity to make a fresh start. Debtors proposing some payment under Chapter 13 are not to be treated more harshly than those opting for a Chapter 7 liquidation.
 

 In the instant case the bankruptcy judge found that the unsecured creditors would receive nothing in a liquidation under Chapter 7. This finding, approved by the district court, carries the shield of Fed.R. Civ.P. 52(a). It is not clearly erroneous. The judges
 
 a qua
 
 also found that the plan proposed by the Freemans was reasonable and that the Freemans could be expected to maintain the payment schedule outlined. These findings are not clearly erroneous on the record before us.
 

 The bankruptcy judge was in a position to determine whether the Freemans were making a reasonable proposal consistent with the realities of the distressful economic situation in which they found themselves. He could best assess whether their proposal constituted a reasonable repayment effort or was an attempt to abuse the spirit of the Bankruptcy Code. He concluded that the Freeman proposal met the requirements of § 1325. We agree.
 

 Discriminatory Treatment
 

 Public Finance complains that the proposed plan is not consistent with § 1322,
 
 *222
 
 which requires that all claims in a particular class be accorded the same treatment. The Freemans propose to pay First National Bank and Merchants and Planters Bank in full while providing no payment to other unsecured creditors. These named creditors hold co-signed notes. Their position differs from the other unsecured creditors, with the concomitant effect that difference has on the debtors. Under § 1322(b)(1), these creditors may be designated as members of a separate class. Thereafter, § 1322(a)(3) requires only that all claims in each class be accorded identical treatment. Different classes may be treated differently. The proposed plan conforms to this requirement.
 

 Attorney’s Fees
 

 The bankruptcy judge awarded attorney’s fees to the debtors, concluding that the objection had no merit and was filed in bad faith. We cannot agree. The question posed is
 
 res nova
 
 in this circuit. Our sister circuits have disagreed on the meaning of good faith. Congress is now reviewing the matter, a reconsideration precipitated by a concern that the good faith standard is at least somewhat ambiguous. Under these circumstances, it is error as a matter of law to suggest that one who poses an as yet unanswered legal question is in bad faith for doing so. There must be an extraordinary showing before a court may find bad faith on the part of one asking an open legal question. We find no such extraordinary circumstances here. The judgment awarding attorney’s fees is reversed. In all other respects the judgment is affirmed.
 

 AFFIRMED in part, REVERSED in part.
 

 [1]
 

 . The Seventh and Eighth Circuits have taken different approaches. In
 
 In re Terry,
 
 630 F.2d 634, 635 (8th Cir.1980), the Eighth Circuit opined that a plan providing for no payment cannot be the product of good faith because it “amounts to an abuse of § 1328 (granting a more generous discharge than Chapter 7) and of the spirit of the chapter, that the debtor ‘make payments’ under a plan.” The Seventh Circuit concluded that good faith would have to be determined on a case-by-case basis considering the myriad problems in the administration of various Chapter 13 proceedings. The amount of repayment is merely one of the many factors considered.
 
 In re Rimgale,
 
 669 F.2d 426 (7th Cir.1982).