**In re John D. DOS PASSOS, Debtor.**

**Bankruptcy No. 84–0267.**

United States Bankruptcy Court,
D. Massachusetts.

Dec. 27, 1984.

Daniel I. Cronin, Daniels & Cronin, Boston, Mass., for petitioner.

Richard S. Hackel, Monheimer & Hackel, Boston, Mass., for respondent.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Before the Court is the objection of the Trustees of Tufts College and College of the Holy Cross ("the creditors") to confirmation of the debtor's Chapter 13 plan and their Motions to Dismiss the Chapter 13 case. A hearing on both matters was held on May 11, 1984. Based upon the pleadings before me and the undisputed facts presented at the hearing, I find and rule as follows.

The debtor John D. Dos Passos ("the debtor" or "Dos Passos") filed a voluntary chapter 13 petition on February 27, 1984. The debtor is a thirty-two year old dentist who is in private practice. He is paid a salary of $460 per week by an associate. Prior to this arrangement, from 1980 to 1982, the debtor was self-employed in his own practice, which was unsuccessful and which was terminated in December 1982.

During 1983, the debtor had gross income of $14,000. His current gross income is $24,000 per year. He is unmarried and has no dependents. He is in good health. He owns no real estate nor personal property of significant value, and has claimed all property, valued at $3,600, as exempt pursuant to 11 U.S.C. § 522(d)(3), (4), (5), and (6). Therefore, the liquidation value of the debtor's property is zero.

The debtor's schedules list ten creditors. As a result of his unsuccessful business, he owes the Internal Revenue Service ("IRS") $8,910 in taxes, which claim amount has priority pursuant to 11 U.S.C. § 507. He owes general unsecured debt of $48,375 to the ten creditors. Four of the liabilities, totalling approximately $31,500, are student loan obligations. The debtor obtained a National Direct Student Loan while attending Holy Cross. The current balance owed is $2,200. The loan became due in 1980. No payments have been made on this loan. The debtor owes approximately $9,600 to Tufts University as a result of another student loan which became due in March 1980. He made one payment of $452 toward this loan. The debtor also owes $15,000 to New York State Higher Education Assistance and $5,200 to a private foundation for student loans.

The plan proposes to pay the claim of the Internal Revenue Service in full in monthly payments of $148.50 over five years from the date of confirmation. The plan proposes to pay (10%) to unsecured creditors over five years, the maximum duration of a plan allowed under 11 U.S.C. § 1322(c). The debtor does not propose to pay the IRS interest as required by 11 U.S.C. § 1325(a)(4). The IRS has not objected to the plan, and apparently does not seek interest on its claim.

The debtor's estimated monthly expenses are $1,748, consisting of rent, taxes, utilities, food, clothing, laundry, newspapers, transportation, insurance and recreation. The entire amount of the excess available, $252, is to be paid to the trustee for distribution to creditors. Moreover, the debtor has proposed to make available to the trus-

tee all of his projected disposable income during the plan's duration, and will submit to the trustee, at least once a year and on request, financial information concerning his income.[1] The debtor has been making the plan's payments of $252 each month to the Chapter 13 Trustee since June of 1984.

■■■ Two of the student loan creditors (Tufts and Holy Cross) have filed Motions to Dismiss the Chapter 13 Case and Objections to Confirmation of the Plan. These pleadings contend that the debtors plan has not been proposed in good faith and assert that the plan is an attempt to avoid the principle of nondischargeability of student loan obligations in Chapter 7. The creditors argue that the debtor's plan lacks good faith because it does not provide a substantial repayment to creditors.[2] In order to confirm a Chapter 13 Plan, the Bankruptcy Court must find that the plan meets six criteria 11 U.S.C. § 1325 provides:

(a) The court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, *as of the effective date of the plan,* of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

The Bankruptcy Code does not define "good faith" and a variety of interpretations have evolved. *Compare In Re Heard,* 6 B.R. 876 (Bankr.W.D.Ky.1980) (debtor must make substantial repayment of unsecured claims) *with In Re Purdy,* 16 B.R. 847 (D.Ga.1981) (debtor not required to make any payment to unsecured creditors). All of the Courts of Appeals that have addressed this issue have concluded that a chapter 13 plan need not provide for substantial repayment of unsecured claims, including those nondischargeable in Chapter 7, to pass the good faith test. *Public Finance Corp. v. Freeman,* 712 F.2d 219 (5th Cir.1983); *In Re Kitchens,* 702 F.2d 885 (11th Cir.1983); *In re Estus,* 695 F.2d 311 (8th Cir.1982); *Deans v. O'Donnell,* 692 F.2d 968 (4th Cir.1982); *Barnes v. Whelan,* 689 F.2d 193 (D.C.Cir.1982); *In Re Goeb,* 675 F.2d 1386 (9th Cir.1982) and; *In Re Rimgale,* 669 F.2d 426 (7th Cir.1982). I agree with the view that the question of whether a debtor has proposed a plan in good faith must be determined on a case-

---

**1.** The debtor is not required to submit his projected disposable income to the Trustee. It is noteworthy that for cases filed after October 9, 1984 Chapter 13 debtors who face objection to confirmation are required to submit projected disposable income to the Trustee for the benefit of creditors. *See* 11 U.S.C. § 1325(c) (1984).

**2.** The debtor's alleged lack of good faith is the sole reason the creditors oppose confirmation and seek dismissal. The creditors do not argue that the plan is not feasible or in the best interests of creditors.

by-case basis, considering the circumstances and problems of each particular case. *See In Re Goeb*, 675 F.2d 1386 (9th Cir. 1982) and *L. King,* 9 Collier on Bankruptcy, Par. 9.20 at 319 (14th ed. 1982). In determining the debtor's good faith, it is appropriate for a bankruptcy court to consider a variety of factors, including: the amount of payments under the plan; the debtor's employment history; the duration of the plan; the accuracy of the debtor's representations; his treatment of creditors; the type of debt sought to be discharged; the existence of hardship circumstances; the frequency of bankruptcy filings; the debtor's sincerity and motivation; and the burden of administration. *See In Re Estus,* 695 F.2d 311, 317 (8th Cir.1982).

■ In light of these principles, it is my conclusion that the debtor's ten per cent plan is proposed in good faith. Although the percentage of repayment is low[3] and the debtor is a skilled professional, his past employment history is not marked by success. While his current income is less than the Court would have expected of a dentist, there was no evidence that he actually earns more. The objecting creditors did not contest the accuracy of his representations. The most recent financial data reveals no increase in income. Although sixty-five per-cent of his total debt is student loan obligations which would survive chapter 7, it should be noted, however, that if the debtor were to seek dismissal of his chapter 13 case and file a petition under chapter 7 in approximately one year, his student loans would be discharged as they would have become due more than five years prior to filing the petition. *See* 11 U.S.C. § 523(a)(8)(A). Prior to this chapter 13 case, the debtor has never sought bankruptcy relief. For the above reasons, I am persuaded that the debtor's plan is proposed in good faith. The Objections to Confirmation are overruled and the Motions to Dismiss are denied.

3. The percentage of repayment clearly passes the best interests test of § 1325(a)(4) because

the debtors' liquidation value is zero.