**In re M.L. GREEN and Frances Thurmond Green, Debtors.**

**Bankruptcy No. ED 85–02M.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Sept. 26, 1986.

Jed Molleston, Magnolia, Ark., for debtors.

Wm. Randall Wright, Hope, Ark., for Peoples Bank.

Ian W. Vickery, El Dorado, Ark., for Tucker Truck.

A.L. Tenney, Little Rock, Ark., trustee.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

■ On January 3, 1985, M.L. and Frances Green, debtors, filed a voluntary petition for relief under the provisions of chapter 13. The amended plan proposed to pay unsecured creditors around twenty-five percent of each allowed claim. Twenty-five percent is more than unsecured creditors would receive in a chapter 7 case according to the schedules. A claim of Peoples Bank and Loan of Louisville, Arkansas, (Peoples Bank) for $39,440.03 was improperly classified as a secured claim which the debtors proposed to pay outside the plan. This claim was secured by a lien on real property which Mr. Green's mother owned and which the debtors anticipated inheriting in the future. Since this property is not property of the estate, Peoples Bank's claim is an unsecured claim. The debtors proposed to pay this claim in full outside the plan in installments of $580.00 per month from income earned from the future operation of their business.

Tucker's Truck, Inc., an unsecured creditor, objected to confirmation and alleged that the plan unfairly discriminates against the class of the other unsecured creditors who will receive substantially less than Peoples Bank's unsecured claim. Wilson Harper, an unsecured creditor, also objected to the proposed plan but failed to either allege or prove any substantive reason to deny confirmation.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction to enter a final judgment in this cause. The following will constitute the Court's findings of fact and conclusions of law as

required by Bankruptcy Rule of Procedure 7052.

11 U.S.C. § 1322(b)(1) provides in part that the plan may:

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title but may not discriminate unfairly against any class so designated;

The issue presented is whether a plan which proposes to pay a class consisting of an unsecured creditor of the debtors 100% of a nonconsumer debt secured by Mr. Green's mother's real property, unfairly discriminates against the class of all other unsecured creditors of the estate who will receive payment of approximately 25% of their claim.

Many courts consider four factors in determining whether a discrimination among creditors of equal rank is unfair. These factors are:

(1) whether the discrimination is supported by a reasonable basis;

(2) whether the debtor could carry out a plan without the discrimination;

(3) whether the discrimination is proposed in good faith; and

(4) the treatment of the classes discriminated against.

*In re Wolff,* 22 B.R. 510 (Bkrtcy.App. 9th Cir.1982); *In re Perkins,* 55 B.R. 422 (Bkrtcy.N.D.Okla.1985); *In re Kovich,* 4 B.R. 403 (Bkrtcy.W.D.Mich.1980); *In re Dziedzic,* 9 B.R. 424 (Bkrtcy.S.D.Tex.1981); *In re Bowles,* 48 B.R. 502 (Bkrtcy.E.D.Va. 1985); *In re Moore,* 31 B.R. 12 (Bkrtcy.D.S. C.1983); *In re Ratledge,* 31 B.R. 897 (Bkrtcy.E.D.Tenn.1983).

The application of these factors and the interpretation of 11 U.S.C. § 1322(b)(1) have not been uniform. The determinative factor in this Court's view is whether the discrimination is supported by a reasonable basis. In the context of a chapter 13 plan which proposes to pay claims in an unequal amount, any plan could be carried out without this discrimination. The factor of whether the discrimination is proposed in good faith is subsumed in the concept of good faith of the plan in general. The

factor of the treatment of the classes discriminated against is a part of the consideration of whether the discrimination has a reasonable basis.

In order to give meaning to this section 1322(b)(1) some difference in treatment between classes of creditors is permissible. *Barnes v. Whelan,* 689 F.2d 193 (D.C.Cir.1982). A class must contain claims which are substantially similar although there is no requirement that all claims which are substantially similar be placed in the same class. *In re Kovich,* 4 B.R. at 403; 5 *Collier on Bankruptcy* ¶ 1122.4 (15th ed. 1986).

The limits of permissible or "fair" discrimination are not defined in the Code. 5 *Collier on Bankruptcy* ¶ 1322.01[3][A] (15th ed. 1985) observed as follows:

No class of claims may be unfairly discriminated against. It remains to be seen how the courts will construe the prohibition against unfair discrimination. A chapter 13 plan proposing to pay less to the holder of any unsecured claim than would be received in the event of liquidation may not be confirmed. Unfair discrimination against a class of claims would therefore seem to have reference either to the order of distribution or the percentage to be paid the particular class. If the courts were to construe as unfair discrimination a proposal to pay a particular class of claims a greater percentage than some other class, section 1322(b)(1) would be deprived of most of its meaning. On the other hand, a proposal to defer distribution on the claims of one class of general unsecured claims until after the completion of payments to another class might very well be considered unfair discrimination against the deferred class, depending on the circumstances of the case.

A few courts have adopted a view similar to that expressed by *Colliers. See In re Sutherland,* 3 B.R. 420 (Bkrtcy.W.D.Ark. 1980); *In re Kovich,* 4 B.R. at 403; *Matter of Freeman,* 28 B.R. 74 (Bkrtcy.S.D.Miss. 1982), *aff'd,* 28 B.R. 77 (S.D.Miss.1983),

*aff'd in part, rev'd on other grounds,* 712 F.2d 219 (5th Cir.1983).

■ Many bankruptcy courts, however, have refused to sanction discrimination where one class of unsecured creditors receives significantly more than another class of unsecured creditors holding substantially similar claims even when practical reasons for the discrimination exist. *Barnes v. Whelan,* 689 F.2d at 193 (plan proposed to pay 100% to class of unsecured creditor whose debt was co-signed); *In re Stewart,* 52 B.R. 281 (Bkrtcy.W.D.N.Y.1985) (plan which proposed to pay nondischargeable unsecured claim in full and other unsecured creditors 20% held not confirmable); *Matter of Utter,* 3 B.R. 369 (Bkrtcy.W.D. N.Y.1980) (plan proposed to pay unsecured claim co-signed by debtor's sister 100%, and other unsecured creditors received nominal payment); *In re Gibson,* 45 B.R. 783 (Bkrtcy.N.D.Ga.1985) (plan proposed to pay an unsecured creditor's claim of $4,814.72 as a fully secured claim because debtor had sold the mortgaged collateral and to pay other unsecured creditors 6%); *In re Perkins,* 55 B.R. 422 (Bkrtcy.N.D.Okla.1985) (plan proposed to pay unsecured claim of creditor whose claim was co-signed by debtor's son 100% and to pay other unsecured claims 22%); *In re Bowles,* 48 B.R. 502 (Bkrtcy.E.D.Va.1985) (plan proposed to pay 100% to class with claim arising out of criminal restitution and to pay other unsecured creditors 20%); *In re Hill,* 4 B.R. 694 (Bkrtcy.D.Kan.1980) (plan to pay class consisting of debtor's psychiatrist's unsecured claim in full and class of other unsecured creditors including another physician nothing); *In re Gunn,* 37 B.R. 432 (Bkrtcy.D. Or.1984) (plan to pay class of secured creditor who was under secured 100% and other unsecured creditors 3%); *In re Gay,* 3 B.R. 336 (Bkrtcy.D.Colo.1980) (plan to pay class of unsecured claims based on insufficient fund checks 100% and class of other unsecured creditors 2%); *In re Dziedzic,* 9 B.R. 424 (Bkrtcy.S.D.Tex.1981) (plan to pay class of unsecured claim consisting of employer's credit union 100% and other unsecured creditors 26%); *See also In re Cooper,* 3 B.R. 246 (Bkrtcy.S.D.Cal.1980) (plans which proposed to pay class of undersecured creditor 100% and class of other unsecured creditors 70%); *In re Fizer,* 1 B.R. 400 (Bkrtcy.S.D.Ohio 1979); *In re Blevins,* 1 B.R. 442 (Bkrtcy.S.D.Ohio 1979).

11 U.S.C. § 1322 is ambiguous because choosing to pay one class of creditors holding substantially similar claims, substantially more than any other class of creditors holding substantially similar claims seems inherently unfair. The terms "fair" and "discrimination" in this context are in contradiction.

The unfairness of the discrimination is demonstrated by the facts in this case because the debtors' efforts, if approved, will preserve a valuable future asset for themselves rather than maximizing payment on the just claims of their current creditors. Many of the above cited cases discuss fairness in the context of the distribution under chapters 7 and 13. In a chapter 7 case everyone would receive less than what is proposed here because the debtors would not be required to pay to creditors any of their future disposable income. However, at least in chapter 7 everyone would receive less in a fair and equal fashion. Nothing in the legislative history of section 1322 suggests that unfairness should be measured by a creditor's treatment under chapter 7. Therefore, the plan unfairly discriminates notwithstanding the fact that the objecting creditors are receiving more under the plan than they would in a chapter 7.

■ The debtor who makes a conscious choice to file a chapter 13 and receive the advantages this chapter confers must treat classes of unsecured substantially similar claims substantially the same unless there is a significant justification for doing otherwise. No justification exists here. Therefore, the plan unfairly discriminates.

Confirmation is denied. The debtors are granted twenty days from the date of entry of this memorandum opinion and judgment of this same date to file a modified plan. If no modified plan is confirmed within sixty days from the date of entry of this

memorandum opinion and judgment of this same date, the case will be dismissed after notice and a hearing.

IT IS SO ORDERED.