In re Jane Suzanne TENNIS, Debtor.

Bankruptcy No. 98–50647.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

April 21, 1999.

Scott G. Hattrup, Lenexa, KS, for Debtor.

Richard V. Fink, Kansas City, MO, Trustee.

### MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

Jane Suzanne Tennis, the Debtor, has submitted for confirmation a Chapter 13 Plan that proposes three separate classifications for her general unsecured creditors. She proposes (1) to pay two friends or acquaintances 100% of their claims, totaling $950.00, for loans that were made to the Debtor to pay her bankruptcy legal fees and filing expenses; (2) to pay three other unsecured creditors 100% of their claims, totaling $297.08, because the Debtor gave those creditors insufficient funds checks and she believes their claims would be non-dischargeable under 11 U.S.C.

§ 523(a)(2); and (3) to pay the other general unsecured creditors, who are owed over $18,000, approximately 15% on their claims. The Trustee has objected to confirmation of the proposed Plan on grounds that, first, the aforesaid classifications discriminate unfairly against the general unsecured creditors, in violation of 11 U.S.C. § 1325(a)(3) and (b)(1), and, second, the Debtor's budget, including a proposed plan payment of $350.00 a month, is $1,150.18 per month negative and is not based on regular income of the Debtor.

For the reasons stated herein, the Trustee's Objections will be sustained and confirmation will be denied.

### DISCUSSION

### I. The Plan Discriminates Unfairly

■ Section 1322(b)(1) of the Bankruptcy Code provides that "the plan may designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated ..." 11 U.S.C. § 1322(b)(1). The Eighth Circuit has developed a four-part test to assist the courts in determining whether a plan discriminates unfairly: "(1) [W]hether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination." *Mickelson v. Leser (In re Leser)*, 939 F.2d 669, 672 (8th Cir.1991). While the *Leser* test has been criticized by other courts,[1] it is the test established by the Eighth Circuit and we are bound to follow it.

■ It is important to note that § 1322(b)(1) does not prohibit a debtor from creating more than one class of unsecured creditors in a Chapter 13 plan. In

---

1. *See, e.g., In re Kolbe*, 199 B.R. 569, 571 (Bankr.D.Md.1996); *McCullough v. Brown,*

162 B.R. 506, 509 (N.D.Ill.1993).

fact, § 1322(b)(1) expressly authorizes it. However, if separate classes of unsecured creditors are created, the plan cannot discriminate *unfairly* against any one (or presumably more) of the classes so created. A class must contain claims that are substantially similar, but there is no requirement that all claims that are substantially similar be placed in the same class. *In re Green,* 70 B.R. 164, 166 (Bankr.W.D.Ark. 1986).

The Debtor asserts that her Plan complies with § 1325(a)(3) and (b)(1). She contends that the classification providing for repayment of the bankruptcy fees and expenses is necessary for the Debtor to maintain her relationship with her acquaintances. The second special classification, providing for repayment in full to three creditors who were the recipients of the Debtor's bad checks, is necessary, the Debtor argues, because those claims are not dischargeable under § 523(a)(2) and the Debtor wishes to avoid any possible criminal prosecutions for passing insufficient funds checks.

■ The Court finds that the Debtor's Plan unfairly and unreasonably discriminates against the class of general unsecured creditors and cannot be confirmed, for several reasons.

■ First, the discrimination does not have a reasonable basis. In one instance, the Debtor wants to pay her friends and acquaintances 100% of their claims simply because she wants to maintain good relationships with them. While this may be a laudable desire, it is not necessarily one that the Bankruptcy Code recognizes. In many cases, Chapter 13 debtors would like to repay family members and good friends ahead of other (perhaps disliked) creditors, but it is hardly reasonable to compel certain unsecured creditors to accept payments totaling some 15% of their claims while other creditors, who happen to be friends of the debtor, are repaid 100% of the amounts they have loaned the debtor. Likewise, the threat of criminal prosecu-

tion does not constitute a reasonable basis for creating a separate classification for creditors holding insufficient funds checks; just because a creditor could press criminal charges against the debtor or just because that creditor's claim might be nondischargeable is not sufficient reason for paying that creditor 100% of its claim and all other creditors just 15% of what they are owed. It would be speculation for us to assume that criminal actions will be filed against the Debtor for issuing the insufficient funds checks, but even if they are, there is no evidence to indicate that this would prevent the Debtor from performing a nondiscriminatory plan. Moreover, this Court should not allow the bankruptcy proceedings to become entangled with the State's criminal processes. *In re Gay,* 3 B.R. 336, 338 (Bankr.D.Colo.1980).

Many bankruptcy courts have refused to sanction discrimination where one class of unsecured creditors receives significantly more than another class of unsecured creditors holding substantially similar claims, even when practical reasons for the discrimination exist. See, for example, *In re Stewart,* 52 B.R. 281 (Bankr.W.D.N.Y. 1985); *Matter of Utter,* 3 B.R. 369 (Bankr. W.D.N.Y.1980); *In re Bowles,* 48 B.R. 502 (Bankr.E.D.Va.1985); *In re Dziedzic,* 9 B.R. 424 (Bankr.S.D.Tex.1981); *In re Chapman,* 146 B.R. 411 (Bankr.N.D.Ill. 1992).

Second, the Debtor could carry out her Plan without the discrimination she has proposed. The Debtor has proposed in her Plan that her general unsecured creditors (those not included in the separate classifications) would be paid $4,000.00, less the amounts paid to the creditors in the separate classifications. In other words, the general unsecured creditors who have not been favored with placement in the separate classifications could expect to receive only about $2,750.00, which would be approximately 15% of the total claims. However, an examination of the Debtor's schedules reveals that the Debtor has more than $20,000.00 in non-exempt

equity in her residential property and that she is owed approximately $40,000.00 in back child support, some of which would not be exempt. The Debtor's Plan provides that the Debtor will pursue collection of this past-due amount to help fund the Plan. Contrast this with the fact that her unsecured creditors are owed just over $18,000.00. Therefore, it appears the Debtor would be capable of paying all of her unsecured creditors a substantial percentage, perhaps even 100%, of their claims, and there would be no need or reason to discriminate.

Third, the Court questions whether the Debtor has proposed this Plan in good faith, particularly in view of the fact that the Debtor is not proposing to pay her creditors as much as they would receive if the estate of the Debtor were liquidated under Chapter 7. 11 U.S.C. § 1325(a)(4). As set out in the preceding paragraph, it appears that the Debtor has sufficient non-exempt assets to enable her to pay all of her unsecured creditors in full, or very nearly so, but she has failed to so provide. Add to this the fact that the Debtor's budget is, with or without the proposed Plan payment, significantly negative, and one must conclude that the Plan has not been proposed in good faith.

For these reasons, the Debtor's Plan does not meet the *Leser* test and will not be confirmed.

## II. Plan is Inadequately Funded

■ The Plan can not be confirmed for the additional reason that the Debtor does not have sufficient regular income to fund the Plan. Only an individual with regular income may qualify as a Chapter 13 debtor. 11 U.S.C. § 109(e). The Debtor has stated in a Response to the Trustee's Objection to Confirmation that she relies on income produced by her two teen-age children (ages 17 and 19) to help her pay her household expenses, but concedes that this income is irregular "and is not her own." From practical experience, we all know that teenagers often do not earn a sub-stantial income, that teenagers often seek to leave the family nest as soon as they are financially capable of doing so, and that (more often than not) they would prefer to spend their hard-earned money on themselves rather than on their parents' household expenses. Accordingly, it would be unwise and perhaps even foolhardy to base the performance of a Chapter 13 Plan of more than three years' duration on the uncertainty of one or two teenagers' voluntary and irregular contributions.

Therefore, it is

**ORDERED** that the Trustee's Objection to Confirmation is SUSTAINED and confirmation of the Debtor's Plan is hereby DENIED. It is

**FURTHER ORDERED** that the Debtor be and is hereby allowed an additional 20 days from the date of this Order to submit an amended plan, if she chooses to do so.

**SO ORDERED.**