In the Matter of ROCHEM, LTD., a Corporation of the State of Delaware, Debtor.

In the Matter of ROCHEM, U.S., INC., A Corporation of the State of New Jersey, Debtor.

In the Matter of ROMACO, LTD., A Corporation of the State of New Jersey, Debtor.

Bankruptcy Nos. 83–07133 to 83–07135.

United States Bankruptcy Court, D. New Jersey.

Oct. 16, 1985.

Sills, Beck, Cummis, Zuckerman, Radin, Tischman & Epstein, P.A. by Robert A. Baime, Richard D. Trenk, Newark, N.J., for debtor.

Fox & Fox, by Arthur D. Grossman, Newark, N.J., William S. Thomas, for creditor Sybron Corp.

## OPINION

VINCENT J. COMMISA, Bankruptcy Judge.

The matter before the Court concerns the confirmation of a Modified Plan of Reorganization submitted by Rochem, Ltd., Rochem U.S., Inc., and Romaco, Ltd. [hereinafter "Rochem"] the debtors herein. Rochem filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code [hereinafter "the Code"] on December 19, 1983. Schedules and statement of affairs were filed on January 20, 1984. On May 11, 1984, Rochem filed a Disclosure Statement and Plan of Reorganization pursuant to Section 1125 of the Code. Objections to the aforementioned disclosure Statement and Plan of Reorganization were filed on October 16, 1984. Rochem filed a Modified Plan of Reorganization on February 20, 1985 which was approved by the Court on March 6, 1985. The Modified Plan of Reorganization [hereinafter "the modified plan"] is the subject of the instant matter. This decision shall stand as and for findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The modified plan provides for seven (7) classes of creditors. At issue is Class Three, which consists of tort claimants including Sybron Corporation [hereinafter "Sybron"] and Class Four, which includes all other general unsecured claims. The other general unsecured claims consist of trade creditors and three (3) law firms.

Section 1122(a) of the Code provides that "[e]xcept as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. Sec. 1122(a). Section 1122(b) of the Code provides that "[a] plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience." 11 U.S.C. Sec. 1122(b). This section codifies the previous case la on classification and is to be applied in light of such case law. *Cf.* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 406 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 118 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, 5904, 6362; 5 *Collier on Bankruptcy* Para. 1122.03 (15th ed. 1981).

Sybron, an unsecured creditor in Class Three, contends that classification within the Modified Plan must be based upon the legal nature of the claims pursuant to Section 1122(a) of the Code. Sybron further contends that absent grounds for legal or equitable subordination, all unsecured creditors having similar rights must be classed together. In the alternative, it is Sybron's contention that Rochem has failed to demonstrate that the modified plan's classifications for unsecured creditors does not unfairly discriminate against the claims of Sybron. Sybron's final argument involves the conclusion that Section 1129(b) of the Code bars unfair discrimination in a proposed "cram down" and, therefore, Sybron must receive an exact aliquot distribution which is consistent with the distribution to creditors having similar legal rights.

Rochem submits that, historically, Section 1122 of the Code allows for a plan of reorganization to classify differing unsecured claims and interests in separate classes. Rochem further submits that the separate classification of Class Three and Class Four claims in the Modified Plan is consistent with the requirements set forth in the Code.

■ To determine whether a plan of reorganization unfairly discriminates in favor of a particular unsecured creditor as against other classes of unsecured creditors, the court in *Matter of Huckabee Auto Co.*, 33 B.R. 141 (Bkrtcy.M.D.Ga.1981), stated that Section 1122 of the Code requires that all claims which are classed together be substantially similar. Such a requirement insures that large claims of differing legal natures do not dictate the other claims within the class. *Matter of Huckabee Auto Co.*, 33 B.R. at 148. Although Section 1122(a) of the Code requires that claims be substantially similar within a particular class, there is no requirement within Section 1122 or elsewhere in the Code that all substantially similar claims be included within a particular class. *See, Ledford v. McCormick*, 27 B.R. 434 (Bkrtcy.S.D.Ohio 1983). "The reasonableness of a classification should be presumed if any arguable rationale exists upon which a debtor may want to separate general creditors, particularly if distinctions may be readily drawn." *Ledford v. McCormick*, 27 B.R. at 438.

Rochem suggests that several distinctions may be readily drawn between the Class Three and Class Four creditors. These distinctions include the nature of the claim, Sybron's claim being based upon alleged tortious behavior of the debtors, their affiliates and tortious behavior of various officers and employees. It is suggested that a distinction can be drawn between Sybron and the general claim creditors listed in Class Four based upon Sybron's unliquidated and disputed claim of thirty-five million dollars ($35,000,000.00) as compared to the goods and services rendered by the Class Four creditors. It is noted that none

of the claims within Class Four involve potential tort claims. A further distinction is suggested by Rochem in that Sybron has no ongoing relationship with Rochem unlike the undisputed claims of general trade creditors who may continue to provide services to Rochem.

Sybron contends that based upon the testimony of Robert Joseph Henry, Rochem's president, sixty-five percent (65%) of the Class Three creditors will no longer provide services to the reorganized debtor. It is, therefore, Sybron's contention that the distinction between the unsecured creditors as to the continuation of services by the Class Three creditors is unfounded.

Pursuant to Section 1129(b), commonly referred to as "cram down", confirmation of a Chapter 11 plan, notwithstanding the dissent of an impaired class, as in the instant matter, requires that the plan not unfairly discriminate with respect to the classes of claims or interests which are impaired under and have not accepted the plan. 11 U.S.C. Sec. 1129(b)(1). Based upon a review of the record, it appears that the issue before the Court is whether Sybron, as a member of an impaired class, is unfairly discriminated against by the proposed fifty thousand dollar ($50,000.00) lump sum payment by Rochem to Sybron against the thirty-five million dollar ($35,-000,000.00) claim by Sybron.

It appears from the record that the modified plan provides Sybron with a payment for a disputed and unliquidated claim payable within one hundred-eighty (180) days of confirmation of the modified plan. As the payment is provided through guaranteed funds provided by Robert Joseph Henry, Rochem's president, not Rochem, the payment is not dependent upon the continued existence of Rochem nor the ability of Rochem to be profitable.

■ It remains undisputed that the Class Three and Class Four creditors shall be treated in a discriminatory fashion, however, the question remains whether the treatment is necessarily unfair. As stated by the court in *In re Ratledge*, 31 B.R. 897 (E.D.Tenn.1983), the question of unfair dis-

crimination requires a four-part inquiry: (1) does the discriminatory treatment have a reasonable basis; (2) could the debtor carry out a plan without the discrimination; (3) is the plan and, in turn, the discriminatory treatment proposed in good faith; and (4) the treatment of the discriminated class. *In re Ratledge*, 31 B.R. at 899.

■ In applying the aforesaid test, the Court finds that the discriminatory treatment of Sybron's claim is reasonable. The discriminatory treatment of Sybron's claim in relation to the claims of the other general unsecured creditors rests in the basis of their claim. Sybron's claim is an unliquidated and disputed tort claim in comparison with the undisputed claims of Rochem's general trade creditors.

As to the second inquiry which must be made into the feasibility of Rochem carrying out the modified plan without the discriminatory treatment of Sybron, it appears that to include Sybron's claim with the claims of the other general unsecured creditors would render the modified plan useless. Pursuant to the modified plan under Article V, Class Four, consisting of general trade creditors, would receive a dividend of fifty percent (50%) of their allowed claim (without interest). Said dividend is to be paid over a period of thirty-six (36) months. The total allowed claims under Class Four is approximately one hundred seventy-one thousand one hundred-thirty dollars ($171,-130.00). Should Sybron's claim of thirty-five million dollars ($35,000,000.00) be included with the claims of other general unsecured creditors, the total allowed claims would increase to approximately seventeen million six hundred seventy-one thousand one hundred thirty-one dollars ($17,671,130.00). The Court, therefore, finds that to include Sybron's unliquidated and disputed claim of thirty-five million dollars ($35,000,000.00) within the Class Four claims would unfairly discriminate against Rochem's other general unsecured creditors. It must be noted that pursuant to a Section 1129(b) "cram down," it is the

duty of this Court to determine whether the modified plan in the instant matter, satisfies the statutory requirements of Section 1129(a) and (b). The Court does not, however, have the statutory authority to alter the terms of the modified plan. *See,* 5 *Collier on Bankruptcy,* Para. 1129.03 at p. 47 (15th ed. 1985). To provide Sybron's inclusion into Class Three would alter the terms of the modified plan and would, therefore, be outside the authority of this Court.

The issue of good faith on the part of Rochem in these proceedings and, therefore, in the discriminatory treatment of Sybron's claim, is the third inquiry to be addressed. Rochem has, throughout these proceedings, filed the required interim financial reports with the Court. The interim financial reports, the testimony of Rochem's president and that of Rochem's accountant indicate that Rochem has continued to operate and to operate profitably since filing the voluntary petitions for reorganization pursuant to Chapter 11 on December 19, 1983.

Section 1129(a)(3) of the Code provides that acceptance of a plan of reorganization may be obtained upon the condition that "the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. Sec. 1129(a)(3). There is no indication nor is there evidence proferred by Sybron to provide this Court with a basis upon which a finding of bad faith on the part of Rochem may be made. The Court is satisfied that confirmation of the modified plan "is not likely to be followed by the liquidation, or the need for further financial reorganization" of the debtor. 11 U.S.C. Sec. 1129(a)(11).

Based upon the evidence adduced at the confirmation hearing and the record, inclusive of the briefs submitted on behalf of the parties, the Court denies Sybron's objections to confirmation of Rochem's modified plan of reorganization.

Submit an Order in accordance with the above.