**In re BLOCK SHIM DEVELOPMENT COMPANY—IRVING, Debtor.**

**RONIT INCORPORATED and Michael A. Block, Appellants,**

v.

**BLOCK SHIM DEVELOPMENT COMPANY—IRVING, et al., Appellees.**

Civ. A. No. CA3–89–2471–D.
Bankruptcy No. 389–30670–RCM–11.

United States District Court,
N.D. Texas,
Dallas Division.

July 23, 1990.

---

Christopher M. Weil and Anthony A. Petrocchi of Weil & Petrocchi, P.C., Dallas, Tex., for appellants.

J. Christopher Luna of Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for appellee Stemson Corp.

David W. Elrod of Calhoun, Gump, Spillman & Stacy, Dallas, Tex., for appellee Ronville, Inc.

FITZWATER, District Judge:

In this appeal from an order confirming a plan of reorganization, the court discerns no clearly erroneous findings by the bankruptcy court in support of its determination that the plan complies with 11 U.S.C. § 1129(a) and (b). The order is therefore AFFIRMED.

I

The portions of this appeal that were not previously dismissed, *see In re Block Shim Dev. Co.—Irving,* 113 B.R. 256, 263 (N.D. Tex.1990), are now before the court for decision on the merits.[1] The court assumes

---

1. Appellee Stemson Corporation has requested oral argument. The appeal is predicated, however, on allegations that the bankruptcy court clearly erred in making the findings required for confirmation. Oral argument would not assist the court in understanding the record and the applicable law, given the grounds presented. Oral argument need not therefore be conducted. Fed.R.Bankr.P. 8012.

familiarity with the prior opinion's recitation of the facts, 113 B.R. at 256–57, 258–60.

This appeal and the dispute in the court below can be characterized as a disagreement among partners, in this case the partners who own debtor Block Shim Development Company—Irving ("Block Shim"), a Texas general partnership. Appellant Ronit Incorporated ("Ronit") and its owner, appellant Michael A. Block ("Block"), contend the plan of reorganization proposed by partner-appellee Stemson Corporation ("Stemson"), and adopted by the bankruptcy court, is essentially an artifice to dilute Ronit's interest in Block Shim and in bad faith to squeeze out a minority partner. For a variety of reasons, appellants contend the plan deals with them to their detriment, otherwise violates § 1129(a) and (b), and should not have been confirmed.

## II

At the outset the court revisits the dismissal motion that the court granted in part, denied in part, and deferred in part by its prior order. The parties quarrel both over the breadth of the carried issues and whether the remainder of the appeal should be dismissed. The court pretermits resolution of these questions, however. It is clear from the court's prior opinion that at least some property of the estate remains to fashion appellate relief, even if the court were now to hold that the easement and plan-modified partnership agreement cannot be the subjects of appellate review. *See* 113 B.R. at 263 (declining to dismiss appeal to the extent it affects rights and obligations of the general partnership in tract Nos. 1, 3, and 6 of the Sandfield Property that remain with Block Shim). The court therefore proceeds to a determination of the merits.

## III

■ Appellants challenge the confirmation order on four[2] pertinent grounds. They contend the bankruptcy court clearly erred in finding that: (1) the plan was confirmable pursuant to § 1129(b), the cram down provision of the Code; (2) at least one class of claims—excluding insiders—impaired by the plan had accepted the plan; (3) the plan was proposed in good faith and not by any means forbidden by law; and (4) each holder of a claim or interest had accepted the plan or would receive or retain under the plan property of a value not less than the amount the claimant would receive if the debtor were liquidated under chapter 7.

## A

The court considers first whether the bankruptcy court clearly erred in finding that the plan meets the cram down provision of § 1129(b).

It is familiar jurisprudence that the acceptance of all impaired classes of claims or interests required by § 1129(a)(8) is not necessary for plan confirmation when § 1129(b) is satisfied. Section 1129(b) permits confirmation when all other requirements of § 1129(a) are met and "the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of

---

**2.** Appellants seek reversal on six grounds. *See* 113 B.R. at 257. The court will not address two of them.

Appellants have failed to brief their contention that the bankruptcy court clearly erred by finding that full disclosure had been made with respect to payments by persons acquiring property and affiliates of the debtor participating in the plan. Even after appellee Stemson pointed out this defect, Appellee Br. at 20, appellants made no effort to address the issue in their reply brief. The court therefore declines to consider an issue not properly briefed. *Holloway v. HECI Explor. Co. Employees' Profit Sharing Plan*, 76 B.R. 563, 572 n. 15 (N.D.Tex.1987) (citing *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir.1984)), *aff'd*, 862 F.2d 513 (5th Cir. 1988).

Appellants contend as their first ground of error that the bankruptcy court clearly erred in finding that the plan was accepted in writing by the creditors and equity security holders whose acceptance is required by law. This general finding by the bankruptcy court is supported, however, by subsidiary findings. Appellants' statement of the issue regarding this ground of error, *see* Appellants Br. at 2, reflects that they specifically challenge the predicate findings in their second and fourth grounds of error. The court will not therefore address the first ground separately.

claims or interests that is impaired under, and has not accepted, the plan." § 1129(b)(1). Appellants challenge the bankruptcy court's finding that the plan meets this requirement, contending the plan does not otherwise satisfy § 1129(a) since it does not comply with the good faith requirement of § 1129(a)(3) and is discriminatory and neither fair nor equitable to Ronit, in violation of § 1129(b)(1).

The court discerns no clear error in the finding of the bankruptcy court. For the reasons set forth *infra* at § III(C), the court concludes the bankruptcy court's finding of good faith, as required by § 1129(a)(3), is supported by the record. The court similarly determines that the lower court's findings of compliance with § 1129(b)(1) are not clearly erroneous.

■ This court reviews the factual findings of the bankruptcy court under the clearly erroneous standard. Fed.R. Bankr.P. 8013; *In re Ambassador Park Hotel, Ltd.*, 61 B.R. 792, 798 (N.D.Tex. 1986). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Holloway v. HECI Explor. Co. Employees' Profit Sharing Plan*, 76 B.R. 563, 573 (N.D.Tex.1987) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)), *aff'd*, 862 F.2d 513 (5th Cir.1988). If the trier of fact's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it. *Holloway*, 76 B.R. at 573.

■ Appellants' brief states in perfunctory fashion that the plan fails the fair and equitable and non-discriminatory tests of § 1129(b)(1) because the plan is no more than an attempt to squeeze appellants out of any significant interest in the partnership and to frustrate appellants' attempts to obtain an accounting and valuation of Ronit's partnership interest in a pending bankruptcy court adversary proceeding. For this proposition appellants cite to a complaint filed by Ronit in the adversary proceeding and the testimony of Stemson owner Moises Mondlak, in which he confirms the filing of and states the purpose for the complaint. Appellants Br. at 11 (citing Tr. 82–83). They then rely upon the proposition that a plan is not fair and equitable if it squeezes out one of two competing shareholder groups. Appellants Br. at 11.

There is no basis in appellants' briefing, however, to determine the bankruptcy court clearly erred in its finding of compliance with § 1129(b)(1). Appellants have essentially cited nothing, other than the allegations of an adversary proceeding complaint, upon which this court can hold with a "definite and firm conviction" that a mistake has been committed. Mondlak testified at the confirmation hearing that Stemson was asking that the partnerships with Block be dissolved because Block refused to pay his share of expenses. Tr. at 83.

Appellee Stemson points in its brief to the testimony of Touche Ross & Company partner Robert T. Chapman ("Chapman"), who explained how the partners' respective interests were reallocated under the plan. According to that testimony, appellee Ronville, Inc.'s partnership interest increased from 37.5% to 62%; appellee Stemson's interest decreased from 12.5% to 2%; and appellant Ronit's interest decreased from 50% to 36%. Tr. 113–14. This adjustment of respective partnership interests was calculated on the basis of the capital accounts of each partner as of December 31, 1987 in relation to the total capital of the debtor. Chapman utilized this information to draw a percentage for each partner. *Id.* at 119– 120. The record supports the implicit finding that reapportionment was based upon actual partner capital contributions. Appellant Ronit was afforded the opportunity to provide new capital for the reorganized debtor and decided not to participate. *Id.* at 91 and 110. The bankruptcy court did not clearly err in finding compliance with § 1129(b)(1) since there was a reasonable basis for the different treatment of the partners. *See In re UVAS Farming Corp.*, 91 B.R. 579, 582–83 (Bankr.D.N.M. 1988) (approving plan that reallocated

shareholders' interests when reallocation was based upon respective new contributions to corporation); *In re Rochem, Ltd.,* 58 B.R. 641, 643 (Bankr.D.N.J.1985) (plan may treat claimants of equal priority differently as long as a reasonable basis exists for such treatment). The record otherwise supports the implicit finding that Block refused to infuse further capital in Block Shim. Tr. at 83, 91, and 110.

### B

Appellants next contend the bankruptcy court clearly erred when it found the plan had been accepted by at least one impaired class of claims, excluding insiders. The court holds the bankruptcy court did not clearly err.

Section 1129(a)(10) requires that at least one class of impaired claims accept a plan before it can be confirmed. This determination is made "without including any acceptance of the plan by any insider." *Id.* Appellees contend the bankruptcy court had two independent bases for its finding of compliance with § 1129(a)(10) because the Sandfields (the class 2 claimants) and Touche Ross & Company (the class 4 claimants) were both impaired and both accepted the plan. The court need only decide that the Sandfields' claim was impaired to uphold the finding of the bankruptcy court. Appellants concede that the Sandfields are not insiders. Appellants Br. at 18.

■ The Bankruptcy Code provides that a claim is impaired unless the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest[.]" 11 U.S.C. § 1124(1). A creditor's claim or interest is impaired if the plan alters the legal, equitable, and contractual rights to which a creditor is entitled. *In re Future Energy Corp.,* 83 B.R. 470, 479 n. 15 (Bankr.S.D.Ohio 1988); *see In re Valley Park Group, Inc.,* 96 B.R. 16, 22 (Bankr.N. D.N.Y.1989). Impairment under § 1124 has generally come to mean in its most basic form any alteration of the holder's legal, equitable, or contractual rights, unless payment in cash of the allowed amount of the claim is made on the effective date

of the plan. *In re Distrigas Corp.,* 66 B.R. 382, 384 (Bankr.D.Mass.1986); *see In re Texas Extrusion Corp.,* 844 F.2d 1142, 1159 n. 23 (5th Cir.) (unsecured creditors who did not receive the full value of their claims under reorganization plan were therefore impaired), *cert. denied,* 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988). The standard for impairment under the Bankruptcy Code is less onerous than under the former Bankruptcy Act. The Act required for impairment that the "impairment needed to be 'material and adverse.'" *In re Witt,* 60 B.R. 556, 561 (Bankr.N.D. Iowa 1986) (citing Bankruptcy Act § 216). The Code, however, "makes the impairment standard much less difficult to meet." *Id.* Therefore, a claim is impaired within the meaning of § 1124 and § 1129(a)(7) even if "not significantly impaired." *Id.* (creditor's claim for $1,675.00 was impaired within the meaning of the Code even though plan provided for payment to creditor of $1,600.00 and claim was "[f]or all practical purposes" not impaired). *See In re Barrington Oaks General Partnership,* 15 B.R. 952, 956 (Bankr.D.Utah 1981) (plan's change of obligors altered rights set forth in loan documents and constituted impairment); *Distrigas,* 66 B.R. at 384 (class was impaired where contract of sole or dominant class member had been rejected and considered breached and plan provided for payment for entire gas shipment but not for damages for breach, provided for defense against contractual liability to creditor, and would alter creditor's ability to submit dispute to arbitration in Switzerland).

■ Appellants argue that the Sandfields' claim is not impaired because they will receive payment in full on the note, pre- and post-petition accrued interest on the note, and attorney's fees. They concede the new note modifies the original note "by reducing the principal to an amount less than the Sandfield's [sic] were otherwise entitled to receive as of the date of the Order confirming the Plan." Appellants Br. at 19. But they counter that this technical modification benefits the Sandfields because they will receive not only

payment of accrued interest and damages arising from the default but also principal they would not have received if "placed back in a position as if [Block Shim] had never defaulted." *Id.* at 19–20. They also point out that the $800,000 note is secured by real property with an appraised value in excess of $2.3 million. *Id.* at 20. For these reasons they contend the Sandfields' claim is not truly impaired.

The court rejects this line of reasoning. The inquiry on appeal is whether, based upon the record, this court can say that the bankruptcy court clearly erred in finding the Sandfields' claim is impaired by the plan. The court must be left with a definite and firm conviction that the bankruptcy court erred when it determined the plan altered a legal, equitable, or contractual right to which the Sandfields were entitled. The court finds no such error.

Under the original Sandfield note, principal and interest was due in full on January 7, 1991. The plan provides, however, for a new Sandfield note that is due four years after the execution of the note, a date approximately two years subsequent to the due date of the original note. A change in maturity date is an impairment within the meaning of the Code. *Cf.* 11 U.S.C. § 1124(2)(B). The Sandfields also modified their legal, equitable, and contractual rights by executing releases in favor of Block Shim. Under the definition of impaired claim adopted in the Code, the bankruptcy court did not clearly err when it found § 1129(a)(7) had been satisfied. The class 2 claim of the Sandfields was impaired under the plan.

### C

■ The court decides next whether the bankruptcy court clearly erred when it found the plan had been proposed in good faith and not by any means forbidden by law, as required for confirmation by § 1129(a)(3). The court views the good faith requirement in light of the totality of the circumstances surrounding establishment of the plan, keeping in mind the purpose of the Bankruptcy Code to give debtors a reasonable opportunity to make a fresh start. *In re Sun Country Dev., Inc.,* 764 F.2d 406, 408 (5th Cir.1985). The law of this circuit is that a plan proposed with the legitimate and honest purpose to reorganize, and which has a reasonable hope of success, satisfies the good faith requirement of § 1129(a)(3). *Id.* Appellants do not allege that the plan lacks a reasonable hope of success. The sole issue, therefore, is legitimate and honest purpose.

Because the clearly erroneous test applies, the finding that the plan has been proposed in good faith, which necessarily includes the subsidiary determinations that the plan was proposed with the legitimate and honest purpose to reorganize, will almost never be reversible where a plan opponent has neither offered evidence at the confirmation hearing to counter the proponent's evidence nor has demonstrated on appeal a lack of evidence for the bankruptcy court's finding of good faith. The determination whether a plan proponent has acted with a legitimate and honest purpose involves an assessment of subjective motive and is therefore especially within the province of the bankruptcy judge who considers the testimony first hand.

At the confirmation hearing the plan proponent proffered two witnesses, the opponent none. The bankruptcy judge had the opportunity to assess the credibility and sincerity of the sole owner of the plan proponent. Appellants argue on appeal that certain actions undertaken by the proponent indicate the plan was not proposed in good faith. To the extent these assertions do not call into question the bankruptcy court's assessment of Stemson's subjective intent, appellants are relegated to reliance upon certain objective facts, *see* Appellants Br. at 20–21, to prove the bankruptcy court clearly erred by declining to find lack of legitimate and honest purpose. The totality of the circumstances, however, support the bankruptcy court's decision to reject appellants' view of what was transpiring (a plan calculated at almost every turn to squeeze out Ronit and Block) and to accept instead the plan proponent's view (a plan to reorganize Block Shim to permit a fresh start and to pay creditors equitably).

Appellants urge this court to view the plan as "proposed not simply to reorganize ... the debtor but to reorganize the respective ownership interests solely for the benefit of one of two groups of partners struggling for control." Appellants Rep.Br. at 12. But this court does not find facts. Neither is it free to view the evidence differently as a matter of choice. The question is whether the bankruptcy court's assessment of the evidence was clear error. The record reflects it was not.

### D

 Appellants argue last that the bankruptcy court clearly erred by finding the plan complied with § 1129(a)(7)(A)(ii). This provision of the Code mandates that each class must either accept the plan or receive or retain under the plan property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under chapter 7. Ronit contends it will not receive at least as much under the plan as it would if Block Shim were liquidated.

The record reflects that the Sandfields would have been permitted to foreclose on all seven tracts of the Sandfield property in the absence of a confirmation order. Following foreclosure, no surplus funds would be available to pay unsecured claims of in excess of $1.26 million. Only the Woodall Property and the Easement would be available to satisfy the debts. No partners would realize any money after unsecured creditors were paid.

Appellants respond by proffering a hypothetical scenario that would give Ronit more from the liquidation of Block Shim than it will realize from a reorganization. Appellants Reply Br. at 13–14. Appellants make no effort to demonstrate that they suggested this sequence of transactions to the bankruptcy judge or even supported it by credible evidence.[3] They do not explain, given the assumptions made by their theory, how the bankruptcy court could have

clearly erred had it rejected the theory in the face of the plan proponent's evidence to the contrary. The bankruptcy court did not clearly err in finding the plan satisfied § 1129(a)(7)(A)(ii).

The bankruptcy court's order confirming the Block Shim second amended plan of reorganization is in all things

AFFIRMED.

---

**3.** Their isolated reference to Trial Ex. B is insufficient in this regard. *See* Appellants Rep.Br. at 14.